## TAYLOR *v.* LEESNITZER.

### APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 45.　Argued March 8, 1911.—Decided March 20, 1911.

Although generally slow to overrule decisions of courts other than those of the United States on questions of local practice, this court will do so where, as in this case, the court below yields a consideration of the merits to form and takes too strict a view of its own powers.

When an appeal is taken in open court, all parties are present in fact or in law and have notice; formalities are ot needed to indicate that it is taken against all parties.

The requirement of a bond in the Court of Appeals of the District of Columbia does not go to the essence of the appeal, and the form should be objected to within twenty days; and where the appeal was taken in open court, objections to the form of bond cannot be taken on a motion to dismiss the appeal filed six months after the appeal was taken based on defects in the appeal.

Although too late for an appeal to be dismissed on account of the form of bond, if the proper parties are before the court, leave can be given to file an additional bond if desired.

31 App. D. C. 92, reversed.

THE facts are stated in the opinion.

*Mr. J. J. Darlington,* with whom *Mr. J. Nota McGill* was on the brief, for appellant.

*Mr. Edmund Burke* for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an appeal from a decree of the Court of Appeals of the District of Columbia dismissing an appeal from a

decree of the Supreme Court. The bill was brought by the appellee Leesnitzer, as one of the heirs of Thomas Taylor, for a partition between herself and the other heirs of lands acquired by Taylor after the execution of his last will. By the will Taylor left all his estate, both real and personal, to his widow, the appellant. See *Bradford* v. *Matthews*, 9 App. D. C. 438. *Crenshaw* v. *McCormick*, 19 App. D. C. 438. Code D. C., § 1628. *Hardenbergh* v. *Ray*, 151 U. S. 112. The bill, of course, was adverse to the appellant's right under the will, and also prayed that she might be declared barred of her dower. See *Clark* v. *Roller*, 199 U. S. 541, 545. After a trial there was a decree for the plaintiff "unless the defendant Margaret E. Taylor shall perfect her appeal from this decree, which is prayed by her in open court and allowed, by giving a supersedeas bond in the penal sum of One Thousand dollars." The decree was filed on May 28, 1907. On June 3, 1907, an appeal bond was filed, but in accordance with the rules, under ordinary conditions, was not printed in the transcript of the record sent to the Court of Appeals. The record was filed in that court on July 17, 1907. On February 12, 1908, the plaintiff Leesnitzer filed a motion that the appeal be dismissed, because 1. Elizabeth E. Padgett, an heir and one of the defendants, "has not been joined either as an appellee or appellant or as a party hereto. 2. That there has been no summons and severance, or service of notification of appeal upon said Elizabeth E. Padgett. Edmund Burke, solicitor for appellee." This motion was granted, on the ground that Mrs. Padgett was not made a party to the appeal.

Thereupon the appellant moved to modify the decree by allowing the appellant to correct her appeal by citing the omitted parties and for such further proceedings as might be necessary to a decision of the cause upon its merits. The court held that as Mrs. Padgett had admitted the allegations of the bill and had arrayed herself

on the plaintiff's side, and as she had got all that she could expect by the decree, the appellant did not need to obtain a severance, but that the appeal should have been taken against her as well as against the plaintiff and that the supersedeas bond should have run to both, which 'an inspection of the bond in the office of the clerk below' showed not to have been the case. It was objected that the court could not look beyond the record before it, which, as we have indicated, contained only a memorandum that a bond had been filed. But the record was entitled 'Margaret E. Taylor etc. *v.* Mary J. Leesnitzer' until within a few days before the case was called for hearing, when the appellant *ex parte* caused the cover of the printed record to be changed so as to name also Elizabeth E. Padgett and Franklin Padgett as appellees. It was said that if the court should confine itself to the record the presumption was that the title of the appeal followed the obligation of the bond. On this ground the court, with expressions of regret, considered itself not at liberty to entertain a motion for leave to file an additional bond.

We generally are slow to overrule the decisions of courts other than courts of the United States upon matters of local practice. But as the Court of Appeals unwillingly yielded a consideration of the merits to what in the circumstances probably was little more than form, we feel less hesitation than otherwise we might in acting upon our opinion that it took too strict a view of its own powers. The first decision went on the ground that Mrs. Padgett was not made a party to the appeal, and, if we correctly understand the second, it also seems to have stood on the same notion deduced as a conclusion from the form of the bond, as disclosed by inspection or presumed. No other was open under the motion except one discarded by the court as we have shown, and no other was or was likely to be taken by the Court of Appeals. But this ground cannot be taken on the record,

because the decree in the Supreme Court states that an appeal was prayed in open court.

When an appeal is taken in open court it does not need the formalities of ancient law to indicate that it is taken against all adverse interests. All parties are present in fact or in law, and they have notice then and there. No citation is required. *Chicago & Pacific R. R. Co.* v. *Blair,* 100 U. S. 661. *Brockett* v. *Brockett,* 2 How. 238. The requirement of a bond by a rule of the Court of Appeals does not go to the essence of the appeal, as is shown by the condition in the rule that the motion to dismiss for want of one must be "made within the first twenty days next after the receipt of the transcript in this Court." Rule X. As the parties in this case had notice of the appeal, they were put upon inquiry as to the scope of the bond, and if, as the Court of Appeals says, there is a presumption that the title of the transcript follows the obligation of the bond, they had actual notice of its form. But the bond cannot create a retrospective presumption as to the effect of the words spoken in open court on the scope of the appeal. That was settled when the appeal was claimed. It follows that no excuse is shown for not objecting to the form of the bond within twenty days. The motion to dismiss was not made until more than six months after the receipt of the transcript, and then was not based on the defect of the bond, but on supposed defects in the appeal. It was not made on behalf of the party aggrieved by the omission from the bond. The time has gone by when the appellant can be turned out of court because Mrs. Padgett was not joined as obligee, but if, as we have tried to show, the proper parties were all before the higher court, no doubt leave would be given to file an additional bond if an amendment were desired.

*Decree reversed.*