BROWNING et al. v. BOSWELL et al.

(Circuit Court of Appeals, Fourth Circuit. November 12, 1913.)

No. 1,217.

1. APPEAL AND ERROR (§ 327*)—PARTIES—GENERAL CREDITORS.

In a suit to administer the assets of an insolvent corporation, and to determine the existence and priorities of an alleged lien, the general rule that all parties directly interested must be cited as parties to an appeal to the Circuit Court of Appeals extends to general creditors.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1795, 1814–1820, 1822–1835; Dec. Dig. § 327.*]

2. APPEAL AND ERROR (§ 329*)—PARTIES—JOINDER—DISCRETION.

Where appellees moved to dismiss the appeal because parties in interest were not made parties thereto, it was within the discretionary power of the Court of Appeals to grant appellant's motion for citation against such additional parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1836; Dec. Dig. § 329.*]

3. APPEAL AND ERROR (§ 329*)—ADDITIONAL PARTIES—JOINDER—MOTION FOR ADDITIONAL CITATION.

Where appellant omitted to join necessary parties because of no lack of diligence, but at most from a misapprehension by counsel as to a question of practice, and moved for an additional citation against such omitted parties to meet an objection of appellees that the appeal could not be prosecuted without citation to them, and appellees would not be delayed or otherwise prejudiced by their joinder, the court will grant the motion as a proper exercise of discretion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1836; Dec. Dig. § 329.*]

Appeals from the District Court of the United States for the Western District of Virginia, at Lynchburg.

Suit by Ollie H. Browning and James S. Browning, Jr., an infant, suing by his next friend, James S. Browning, against Thomas T. Boswell and others. Decree for defendants, and plaintiffs appeal. On motion by appellants for a citation against additional parties. Granted.

W. J. Henson, of Roanoke, Va., and Richard B. Tippett, of Baltimore, Md., for appellants.

W. H. De C. Wright and E. P. Keech, Jr., both of Baltimore, Md., Geo. W. St. Clair, and J. Powell Royall, both of Tazewell, Va., and Charles H. Howard, of Dorchester, Mass., for appellees.

Before PRITCHARD, WOODS, and KNAPP, Circuit Judges.

WOODS, Circuit Judge. This motion to make Michael Sheehan and the other general creditors of the Big Vein Pocahontas Coal Com-

pany parties to this appeal by the issuance of citation to them arose out of the following proceedings: Suit was instituted in the Circuit Court for the Western District of Virginia on October 28, 1910, by the complainants, Thomas T. Boswell, Andrew C. Snyder, and Merville H. Carter for the benefit of the complainants and other creditors of the company, the bill alleging that the company had acquired a lease of valuable coal lands in the county of Tazewell, in the state of Virginia, and had expended large sums of money in the effort to make the lands productive, and that in operating the property the company had become involved in large debts which it was unable to meet. Other allegations were made showing the necessity for the court to take charge of the property by the appointment of receivers who should continue to operate it while the court called in the creditors, marshaled the assets, and ascertained the indebtedness and liens and priorities. The court appointed receivers who have had charge of the property and revenues since October 28, 1910.

While the cause was pending Ollie H. Browning in her own right and as guardian for James S. Browning, Jr., and James S. Browning, by petition, asked that they be allowed to intervene in the suit, on the allegation that they were entitled to a first lien on the property for about $140,000. The petition was granted, and they were made parties by order of the court. Allis-Chalmers Company, a corporation, was also allowed to intervene and be made a party on its petition, alleging that it had a first and prior lien on the property of the defendant company to the extent of $2,500, with interest. A suit for foreclosure brought by the Colonial Trust Company, trustee under the mortgage executed by the Big Vein Pocahontas Coal Company, was consolidated with the suit brought by the complainants, Boswell and others. A special master was appointed for the purpose of ascertaining and reporting to the court the debts and liabilities of the corporation and the relative priorities of the different creditors. The special master filed his report, and found that Ollie H. Browning in her own right and as guardian for James S. Browning, Jr., had a first and prior lien on all of the real estate, property and equipment of the defendant company, for $139,746.59; that there were a number of general creditors who held valid claims against the estate for various amounts, ranging from a few dollars to more than $16,000; that Jeffrey Manufacturing Company was a creditor to the extent of $7,848.86 and that it had a prior lien for that amount on a portion of the defendant company's property; that Roberts and Schaefer Company was also a creditor and had a lien prior to other creditors on a portion of the property for its claim.

The District Court entered a decree on the 10th day of April, 1913, in which the master's report was confirmed as to claims of the general creditors Jeffrey Manufacturing Company and Roberts and Schaefer Company; but Allis-Chalmers Company was declared to be a creditor, entitled to be paid before the general creditors, although it did not have a prior lien on any specific property, as claimed by it in its petition. It was further decreed that Ollie H. Browning did not have a prior lien, as reported by the master, for $139,746.59, but, on the contrary,

that she was indebted in a large sum of money to the defendant company, and that the notes of the company held by her were void, and it was ordered that she deliver the notes, amounting to $150,000, to the clerk of the court to be canceled, and that she pay over to the receivers of the court the amount held to be due from her to the defendant company. Mrs. Browning filed a petition for rehearing, which, after consideration by the court, was refused on the 28th day of May, 1913.

The decree adjudicated all the questions involved, and provided for a sale of the property of the defendant company. Nothing further remained to be done in the cause but the execution of the decree and a distribution of the assets of the defendant company among its creditors according to their rights as fixed by the court. From this decree Ollie H. Browning, James S. Browning, and Ollie H. Browning, guardian for James S. Browning, Jr., appealed and secured a writ of supersedeas. The Big Vein Pocahontas Coal Company, Merville H. Carter, Andrew C. Snyder, and the Colonial Trust Company gave notice of their motion to dismiss the appeal, assigning as one of the grounds that Allis-Chalmers Company and Michael Sheehan and the other general creditors were not made parties thereto by citation. Thereupon counsel for the appellants gave notice of this motion to be allowed to issue citations to Michael Sheehan and the other common creditors, and also to—

"Jeffrey Manufacturing Company, Allis-Chalmers Company, Roberts and Schaefer Company, E. P. Keech, and H. H. Heiner, receivers in said cause, W. B. Kegley and any other party to the said cause who either remotely or directly may be interested in the decrees complained of."

In disposing of the motion it may be well to say that possibly the interest of the general creditors of the Big Vein Pocahontas Coal Company would be concluded by the result of the appeal as to the claims of the defendant company and Mrs. Browning against each other, and that citation to bring them into the appeal is unnecessary. The interest of the creditors in the subject-matter of the decree was not direct, but only mediate through their debtor corporation. It is true that they were parties to the cause in which the Big Vein Pocahontas Coal Company and Mrs. Browning conducted their litigation, but the actual litigation was not with them, and though they have an indirect interest in increasing the assets of their debtor, no judgment was or could be rendered in their favor against Mrs. Browning. Hence it might be argued that their presence was not essential to a review of a judgment in favor of their debtor, or against it for mere error such as is alleged here, involving no question of jurisdiction or fraud or collusion.

[1] The well known general rule that all parties to the suit directly interested in the result of the appeal must be cited has been stated in numerous cases in the federal courts, and the Circuit Court of Appeals for the Ninth Circuit has held that the rule extends to general creditors in a case like this. Illinois Trust & Savings Bank v. Kilbourne, 22 C. C. A. 599, 76 Fed. 883.

In the present aspect of the case, however, the court is not called upon to analyze and distinguish the cases or to decide whether it is necessary to issue citations to the unsecured creditors, because the ap-

pellants ask that they be allowed to issue the citations now, and the appellees insist that without the presence of the creditors the appeal is so defective as to entitle them to have it dismissd. In this condition the only questions presented for decision are whether the court has discretion to allow the citation to be issued, and, if the discretion exists, whether it should be exercised.

[2] The discretionary power of the court to make the order is now so firmly established by the following authorities that we think discussion of the point unnecessary: Dodge v. Knowles, 114 U. S. 430, 5 Sup. Ct. 1197, 29 L. Ed. 144; Knickerbocker Life Ins. Co. v. Pendleton, 115 U. S. 339, 6 Sup. Ct. 74, 29 L. Ed. 432; Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159, 37 L. Ed. 1127; Walton v. Marietta Chair Co., 157 U. S. 342, 15 Sup. Ct. 626, 39 L. Ed. 725; Taylor v. Leesnitzer, 220 U. S. 90, 31 Sup. Ct. 371, 55 L. Ed. 382; Altenberg v. Grant, 83 Fed. 980, 28 C. C. A. 244; Thomas v. Green County, 146 Fed. 969, 77 C. C. A. 487; Martin v. Burford, 176 Fed. 554, 100 C. C. A. 159; Gilbert v. Hopkins, 198 Fed. 849, 117 C. C. A. 491.

[3] It is equally clear that in the present instance the discretion ought to be exercised and the motion granted. There has been no lack of diligence, but at most a misapprehension by counsel as to a question of practice, and the motion is made to meet the objection urged by the appellees that the appeal cannot be prosecuted without citation of the creditors. The appellees will not be delayed or otherwise prejudiced and the bringing in of the creditors as parties to the appeal by issuing the citation to them will have the good effect of entirely eliminating from the record a serious technical question, and leaving the case to be decided on its merits.

The motion is granted.