# LASIER *v.* LASIER.

---

### APPEAL AND ERROR.

1. Under a rule of the lower court permitting it to correct clerical errors in decrees or orders at any time, without the form or expense of a rehearing, that court has no power to make any change in a decree after an appeal has been perfected, as with the perfecting of the appeal that court loses and this court acquires jurisdiction. (Citing *Chisholm* v. *Cissell,* 13 App. D. C. 203.)

2. Where the lower court erred in correcting its decree after an appeal therefrom to this court had been perfected, but on the appeal this court found that upon the testimony a decree in the corrected form

should have been passed, the decree was reversed without costs to the
appellant, and the lower court directed to enter a decree in that
form.

No. 3029.   Submitted October 8, 1917.   Decided November 12, 1917.

HEARING on an appeal by the defendant from a decree of the
Supreme Court of the District of Columbia, holding an equity
court, in a suit by a wife for separate maintenance of herself
and child.           *Reversed, without costs to the appellant.*

The COURT in the opinion stated the facts as follows:

Isabel C. Lasier brought action under the statute against her
husband for separate maintenance for herself and their minor
child.   A trial was had resulting in a decree entered on the 17th
day of December, 1915, "that the prayers of the petition for
separate maintenance, and for the support of the infant child,
Jean Lasier, be and the same hereby are granted; that the de-
fendant, Emery L. Lasier, pay to the plaintiff the sum of forty
dollars ($40) per month; the first payment to be made upon the
3d day of January, 1916, and a similar payment to be made
each month thereafter for the support and maintenance of said
infant child, Jean Lasier."   Defendant filed a motion for re-
hearing which on December 21, 1915, was overruled.   There-
upon the defendant noted an appeal to this court, and on Decem-
ber 24, 1915, filed an appeal bond which previously had been
approved by the court.   From time to time, the date for filing a
transcript of the record in this court was extended by the lower
court, the last time fixed being October 15, 1916.   On March
21, 1916, after the term at which the decree was entered had
elapsed, the plaintiff filed a petition asking for a correction of
the decree, so that it would show that the $40 per month should
be paid for the separate maintenance of herself and her infant
child, instead of for the child alone.   This petition was sus-
tained and the correction made by the court on the ground that,
by "an unintentional omission," the original decree "failed to

state that the allowance of $40 per month was for the maintenance and support of the plaintiff herein, Isabel C. Lasier, and her infant child, Jean Lasier." Defendant appeals.

*Mr. Fred B. Rhodes, Mr. Paul B. Cromelin, Mr. W. A. Coombe,* and *Mr. D. W. O'Donoghue* for the appellant.

*Mr. E. C. Dutton* for the appellee.

Per Curiam: Is the corrected decree such as should have been entered under the testimony? This presents a question of fact only; questions of law are not involved. Forty-five witnesses were examined. To analyze their testimony and state the result would require pages without serving any useful purpose. It discloses that there was some fault on each side, but the preponderance of fault was on the part of the defendant; yet it seems to us that, if both had shown a little more forbearance,— a desire to give and take in small matters,—they would have averted the disaster which unfortunately has come upon their young marital life. The presence of their little child, if nothing else, should be to them an irresistible plea for harmony and cause them to forgive and forget. The lower court was of this opinion, because it endeavored to bring about a compromise of their differences, but without success.

We think that, upon a view of all the testimony, the decree as changed on March 21, 1916, should be affirmed, unless there was error in making the change. The appellee cites as authority for the court's action the following rule of the lower court: "Clerical mistakes in decrees or decretal orders, or errors arising from any accidental slip or omission, may at any time be corrected by order of the court or of a justice thereof. upon petition, without the form or expense of a rehearing." We do not think that the rule applies. The appellant on December 21, 1915, noted his appeal in open court, and on December 24, 1915, filed the required appeal bond. This perfected the appeal (*Chisholm* v. *Cissell,* 12 App. D. C. 203; *Taylor* v. *Leesnitzer,* 220 U. S. 90, 55 L. ed. 382, 31 Sup. Ct. Rep. 371), and removed

the decree from the jurisdiction of the lower court to this court. After that it was not competent for the lower court to make any change in the decree. Nor did the rule in question, when correctly construed, purport to authorize it. The express purpose of the rule was to permit corrections to be made "without the form or expense of a rehearing." It therefore applied only to cases where rehearings could be granted by the lower court. That they could not be so granted in a case pending in this court must go without saying. Two courts cannot have jurisdiction in the same case at the same time. (*Morrin* v. *Lawler*, 91 Fed. 693; *Anderson* v. *Comptois*, 48 C. C. A. 1, 109 Fed. 971; *Keyser* v. *Farr*, 105 U. S. 265, 26 L. ed. 1025). The cases contemplated by the rule were those in which an appeal had not been perfected. Since the corrected decree was right, but the court erred in making the correction after the case had been appealed to this court, the decree is reversed, with instructions to the lower court to give the plaintiff a decree similar in terms to that entered by it on March 21, 1916; and as the error found by us is one of form, and not of substance, the reversal is at the cost of the appellant. *Reversed.*