## CANAL BANK & TRUST CO. v. BREWER.

(Circuit Court of Appeals, Fifth Circuit. March 22, 1927. Rehearing Denied April 15, 1927.)

No. 4955.

1. **Bankruptcy** ⟏⟏460—**All creditors need not join in appeal taken in open court on rendition of decree refusing adjudication of involuntary bankruptcy.**

Where appeal from order refusing to adjudicate appellee a bankrupt is taken in open court immediately after decree, it is not necessary that all creditors should join therein.

2. **Bankruptcy** ⟏⟏91(1)—**Burden of proof to establish material allegations of involuntary petition rests on petitioners.**

The burden of proof on all issues joined on an involuntary petition rests on petitioners,

and absence of evidence on the issue as to whether or not defendant was a farmer required dismissal of the petition for want of jurisdiction.

Appeal from the District Court of the United States for the Northern District of Mississippi; Edwin R. Holmes, Judge.

In the matter of Earl Brewer, alleged bankrupt. From a decree dismissing the petition, the Canal Bank & Trust Company appeals. Modified and affirmed.

Marcellus Green, of Jackson, Miss., Gerald Fitzgerald, of Clarksdale, Miss., and Henry P. Dart, Jr., of New Orleans, La. (Green, Green & Potter, of Jackson, Miss., Maynard, FitzGerald & Venable, of Clarksdale, Miss., and Dart & Dart and Dufour, Goldberg & Hammer, all of New Orleans, La., on the brief), for appellant.

J. W. Cutrer and Edward W. Smith, both of Clarksdale, Miss., P. H. Lowrey, of Marks, Miss., J. L. Roberson, of Clarksdale, Miss. (Roberson, Yerger & Cook, of Clarksdale, Miss., Wells, Stevens & Jones, of Jackson, Miss., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The Canal Bank & Trust Company, appellant, and several other creditors, filed a petition in bankruptcy to have Earl Brewer, appellee, adjudged an involuntary bankrupt. The petition alleged that appellee was a lawyer, and within four months, while insolvent, had committed an act of bankruptcy. Appellee in his answer denied that he was a lawyer, and alleged, on the contrary, that his principal occupation was that of a farmer. He further denied that he was insolvent, or had committed the act of bankruptcy alleged in the petition, and on these last two issues demanded a jury trial. The decree appealed from states that the case was heard upon all the pleadings, and then continues: "Came a jury, * * * who, having received the instructions of the court, * * * returned into open court the following verdict, to wit: 'We, the jury, find that Earl Brewer, alleged bankrupt, has committed no act of bankruptcy, and was not insolvent at the time the involuntary petition was filed, and is not insolvent at the present time.' And thereupon, and upon consideration of the proofs in said cause and the arguments of counsel thereon, it was found that the facts set forth in said petition were not proved;

and it is therefore adjudged that said Earl Brewer was not a bankrupt, and that said petition be dismissed with costs." On the next day, a motion to set aside the verdict and decree was denied, and an appeal granted in open court.

[1] Appellee moves to dismiss the appeal on the ground that all of the creditors have not joined in it. As the appeal was allowed at the same term, and in open court at a time when all the parties interested were, or must be presumed to have been, present, it is no objection that it was not taken in the name of all the creditors. Taylor v. Leesnitzer, 220 U. S. 90, 31 S. Ct. 371, 55 L. Ed. 382. The motion to dismiss is therefore denied.

[2] It is clear from the judgment entry that both the verdict and the decree were based solely on the pleadings, which included the issue whether appellee was a lawyer or a farmer, as well as the other two issues relating to insolvency and act of bankruptcy. It is true that the verdict of the jury ignored the first issue, but it is to be noted that the decree found that the averments of fact set forth in the petition had not been proven. That finding was upon all the issues, and therefore included the first. It is immaterial that the court submitted the question of appellee's occupation to the jury, as it had a right to do that for advisory purposes.

It is apparent that the case went to final decree without the taking of any evidence. The burden was on appellant to prove each of the three issues. Black on Bankruptcy, § 318. As no evidence was submitted, it must be conclusively presumed, for the purposes of this case, that appellee was a farmer, and therefore exempt from being adjudged an involuntary bankrupt. Bankruptcy Act, § 4b (Comp. St. § 9588). The only conclusion possible in this state of the record is that the District Court was without jurisdiction to inquire whether appellee was insolvent or had committed an act of bankruptcy. It follows that that part of the decree which adjudged appellee not to be a bankrupt was erroneous.

The decree is modified, so as to read as follows: "This cause, coming on to be heard, was submitted on the pleadings, and without proof that the alleged bankrupt was a person amenable to the Bankruptcy Act. It is therefore ordered that the petition herein be, and the same hereby is, dismissed for want of jurisdiction, and that the petitioners pay all costs, for which let execution issue."

As so modified, the decree of the District Court is affirmed.