### KARRICK et al. v. EDES.

Court of Appeals of District of Columbia.
Submitted April 7, 1927. Decided
May 2, 1927

No. 4520.

**1. Landlord and tenant ⬅⟼200(1½.)—Where appeal from rent commission was noted in open commission, citation of parties was not necessary.**

Where appeal from determination of rent commission was noted in open commission, no citation of parties was necessary.

**2. Costs ⬅⟼282—Judgments of Court of Appeals, reversing adjudications of rent commission and allowing costs, held not subject to collateral impeachment in action for such costs.**

Judgments of Court of Appeals of District of Columbia, reversing adjudications of rent commission and allowing costs to appellant, *held* not subject to collateral impeachment in subsequent suit in municipal court to recover the costs so allowed.

**3. Costs ⬅⟼282—Costs awarded on appeals from rent commission held recoverable by separate suit in municipal court, rather than by execution or attachment (Code D. C. § 114; Court of Appeals Rule 19, §§ 3, 5).**

Costs awarded by Court of Appeals of District of Columbia on appeals from adjudications of rent commission *held* recoverable by independent suit in municipal court, rather than by execution or attachment, in view of Code D. C. § 114, and Court of Appeals Rule 19, §§ 3, 5.

**4. Costs ⬅⟼100—Complainants held properly joined in proceedings before rent commission, and hence each complainant was individually liable for all costs.**

Numerous tenants of particular hotel *held* properly joined as complainants in proceedings before rent commission against owners, and hence each complainant was liable for all costs taxed, rather than for his pro rata share only.

**5. Costs ⬅⟼100—Costs may be taxed against all of several plaintiffs, and recovery had against any of them.**

Where several plaintiffs unite in bringing an action, costs may be taxed against all of them, and recovery had against any of them.

**6. Costs ⬅⟼101—Judgment debtor, paying costs, may have contribution against others liable.**

One judgment debtor, who has paid the costs, may have contribution against others equally liable.

In Error to the Municipal Court of the District of Columbia.

Action by James L. Karrick and another against Elizabeth Edes. Judgment for defendant, and plaintiffs bring error. Judgment reversed, and cause remanded.

C. H. Merillat, G. V. Triplett, Jr., and J. B. Carter, all of Washington, D. C., for plaintiffs in error.

C. H. Syme, A. L. Sinclair, and S. A. Syme, all of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This writ of error to the municipal court of the District of Columbia brings up for review a judgment of that court for the defendant below and defendant in error here, in an action to recover the costs of two appeals in this court from adjudications of the rent commission of the District of Columbia.

In the first of the two appeals involved, plaintiffs in error sought and obtained a re-

versal of the determination of the rent commission in proceedings instituted by the defendant in error and a large number of other complainants, all tenants of the Monmouth Hotel, owned and maintained by the plaintiffs in error. The record in this court discloses that the defendant in error, not only was one of the complainants, but that at the hearing in this court she was represented by counsel. The reversal by this court was "with costs," which were taxed at $197.45. The remanding of this case to the rent commission resulted in a further adjudication there, from which plaintiffs in error again appealed. The record of this court in the second appeal discloses that the same parties, including the defendant in error, were appellees, and that they were represented by counsel. The hearing in this court again resulted in a reversal of the determination of the rent commission, and costs in the sum of $221.10 were awarded plaintiffs in error. Both judgments in this court being unsatisfied, plaintiffs in error brought suit in the court below, and that court, after receiving from defendant in error and the attorneys who were counsel of record for her in this court testimony in impeachment of the record of this court, found for the defendant.

[1, 2] It is disclosed by the record that the appeal from the determination of the rent commission in each instance was noted in open commission. Therefore no citation of the parties was necessary (Hutchins v. Dante, 40 App. D. C. 43; Taylor v. Leesnitzer, 220 U. S. 90, 31 S. Ct. 371, 55 L. Ed. 382; Dodge v. Knowles, 114 U. S. 430, 5 S. Ct. 1197, 29 L. Ed. 144), and according to the record all were before this court, both in fact and in law. No fraud being alleged, the record in this court was not subject to impeachment collaterally in the court below. Cook v. Darling, 18 Pick. (Mass.) 393; Callen v. Ellison, 13 Ohio St. 446, 82 Am. Dec. 448. The lower court was bound by the judgment of this court. Durant v. Essex Co., 101 U. S. 555, 25 L. Ed. 961; Sibbald v. United States, 12 Pet. 488, 491, 9 L. Ed. 1167. In the case last cited the court said:

"Whatever was before the court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case, and must carry it into execution, according to the mandate. They cannot vary it, or examine it for any other purpose than execution; nor give any other or further relief; nor review it upon any matter decided on appeal, for error apparent; nor intermeddle with it, further

than to settle so much as has been remanded."

Defendant in error, if she was aggrieved by the judgment of this court in taxing costs against her, should have filed a petition for rehearing here. Williams v. Gibbes, 20 How. 535, 15 L. Ed. 1013. This she did not do, but permitted the judgment to become final and the mandate to issue.

[3] The further contention is made on behalf of the defendant in error that the judgment should have been enforced by this court "by execution or by attachment, and not through a suit in the municipal court." This contention is without merit. Section 114 of our Code, relating to the enforcement of interlocutory orders *in the Supreme Court of the District of Columbia*, provides that orders of that character "may be enforced by such process as might be had upon a final judgment or decree to the like effect, and the payment of costs adjudged to any party may be enforced in like manner." Rule 19 of this court, section 3, applicable here, provides that, in case of the reversal of any judgment, order, or decree by this court, "costs shall be allowed to the appellant, unless otherwise ordered by this court, and the cost of the transcript of the record from the court below shall be a part of such costs and be taxable in that court as costs in the case." Section 5 of this rule reads as follows: "In all cases where costs are allowed in this court, it shall be the duty of the clerk to insert the amount thereof in the body of the mandate or other proper process sent to the court below, and annex thereto a bill of the costs taxed in full."

The foregoing provisions are inconsistent with the contention of the defendant in error here, and no case has been brought to our attention, nor have we found any, in which this court, during the 33 years of its existence, has attempted to award execution for costs. The unbroken practice has been to the contrary. And since the rent commission was without authority to issue execution, it is apparent that the remedy of plaintiffs in error was through a suit in the municipal court.

[4-6] Finally, it is contended on behalf of defendant in error that there was no authority for the joinder of the individual complainants; in other words, that each of the complainants was liable for only his pro rata share of the costs. Again the record is to the contrary. Moreover, the decision of this court in each appeal discloses that certain fundamental questions were involved, which affected all complain-

ants alike. It is familiar law that, where several plaintiffs unite in bringing an action, costs may be taxed against all of them and recovery had against any of them. Barret v. Foley et al. (Court of Chancery of New Jersey) 17 A. 687; 15 C. J. 101, 102. One judgment debtor, who has paid the costs, may have contribution against the others.

The judgment is reversed, with costs, and the case remanded.

Reversed and remanded.