678 F.2d 571
 Jerry McKENZIE, individually and for the use and benefit of
the minor, Gregory McKenzie, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
Jerry McKENZIE, individually and for the use and benefit of
the minor, Gregory McKenzie, Plaintiff-Appellant,
v.
NEW ORLEANS PUBLIC SERVICE, et al., Defendants-Appellees.
 No. 81-3415
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 June 14, 1982.
 Carl, Roussel & Hughes, Robert T. Hughes, New Orleans, La., for plaintiff-appellant.
 John P. Volz, U. S. Atty., Roy F. Blondeau, Jr., Asst. U. S. Atty., New Orleans, La., for United States.
 Charlton B. Ogden, II, Legal Dept., New Orleans, La., for New Orleans Public Service, Inc. and Herman Dear.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before CLARK, Chief Judge, and REAVLEY and RANDALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from final judgments entered in two actions-one filed in the United States district court under the Federal Tort Claims Act, the other a negligence action initially filed in a Louisiana state court and subsequently removed to federal court-that arose out of the same facts and were consolidated for trial in the district court. We hold that the district court's finding that the United States was not negligent is supported by the evidence and is not clearly erroneous. Consequently, we affirm the judgment entered in favor of the United States in the Federal Tort Claims action. We also hold that the district court did not have subject matter jurisdiction to decide the action removed from the Louisiana state court. We vacate this judgment and instruct the district court to remand this action to the Louisiana state court.
 
 
 2
 * The present appeal stems from a tragic accident early one morning in New Orleans. A bus operated by New Orleans Public Service, Inc. ("NOPSI") struck and injured a young man, Gregory McKenzie, as he and his companion, Alex Bell, were walking across the St. Claude Avenue Bridge on their way to band practice at school.
 
 
 3
 Two lawsuits resulted.[1] One action[2] was brought by Gregory's father ("McKenzie") in the United States District Court for the Eastern District of Louisiana against the United States[3] under the Federal Tort Claims Act.[4] This action sounded in negligence and claimed that Gregory was injured when he was chased by a dog kept by an employee of the United States Army Corps of Engineers (operators of the bridge) and was forced to flee into the path of the bus.
 
 
 4
 McKenzie brought the other action[5] in the Civil District Court for the Parish of Orleans. This suit, also claiming negligence, named both NOPSI and the driver of the bus, Herman Dear, a NOPSI employee, as defendants. Over 2 years later, McKenzie removed this lawsuit from the Louisiana court to the United States district court where it was consolidated with the pending action against the United States.
 
 
 5
 At trial, NOPSI and Dear were dismissed at the close of the plaintiff's evidence, see Fed.R.Civ.P. 41(b), the district court finding no negligence on the part of the bus driver. The United States prevailed after a full trial. The district court found that
 
 
 6
 (t)he dog in question was not being kept or harbored by any employee of the Corps in the facility immediately adjacent to the scene of the injury.... At the time of the accident, it was against the express policy of the Corps to have dogs or pets at the Canal & Lock. The dog was not observed by Corps personnel in the vicinity of the accident, either immediately prior to the accident or immediately subsequent thereto.
 
 
 7
 Additionally, the court observed that as "the animal shelter of the Society for the Prevention of Cruelty to Animals ... is located near" the bridge, employees of the Corps previously had experienced difficulty with dogs that either escaped from the shelter or were abandoned by their owners in front of the shelter. The district court noted, however, that "Corps personnel ... would alert the SPCA so that appropriate action could be taken."
 
 
 8
 After entry of final judgments, McKenzie brought this appeal. We consider each of the consolidated actions in turn.
 
 II
 79-10
 
 9
 McKenzie's attack on the judgment entered against him in his action against the United States is premised on "the fact that (his son) was attacked and frightened by a dog ... (that) was with a man who was obviously an ... employee of the U.S. Corps of Engineers." McKenzie argues that "the dog ... was 'with' an employee of the Corps of Engineers" and it follows that as the animal was "being kept or harbored by such employee" "this constitutes actionable negligence (of) ... the United States."Our difficulty with McKenzie's argument is that the district court specifically found to the contrary-that "(t)he dog ... was not being kept or harbored by any employee of the Corps." While there was evidence introduced that could have supported a finding by the court that the dog was the responsibility of a Government employee, there also was evidence to the contrary. It is the district court that is charged with sifting through the evidence and settling on the facts. We set aside a fact finding only if clearly erroneous, see Fed.R.Civ.P. 52(a)-a standard met when "on the entire evidence (we are) left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).
 
 
 10
 There is ample testimony in the record fully supporting not only the court's finding that the dog was not kept by a member of the Corps of Engineers but also the court's suggestion that the animal wandered off onto the bridge from the nearby animal shelter. Accordingly, the judgment entered against McKenzie in his action against the United States is affirmed.
 
 79-3140
 
 11
 Although only a defendant, never a plaintiff, may remove a civil action from state to federal court, see 28 U.S.C. § 1441(a); Chicago, Rock Island & Peoria Railroad Co. v. Stude, 346 U.S. 574, 580, 74 S.Ct. 290, 294, 98 L.Ed. 317 (1954); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), we find in the record no objection to the removal by McKenzie-the state court plaintiff-of his action to the United States district court. When an action is improperly removed, yet final judgment is entered on the merits by the district court without a motion to remand or other objection, our inquiry is "not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court." Grubbs v. General Electric Credit Corp., 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972); Lockwood Corp. v. Black, 669 F.2d 324, 326 (5th Cir. 1982).
 
 
 12
 When we pursue that inquiry in this case it is manifest that the district court never possessed subject matter jurisdiction to decide this action. First, as all parties-McKenzie, NOPSI and Dear-are citizens of Louisiana, there is no diversity of citizenship. Nor, in response to our request for supplemental briefs inquiring "whether the federal court would have had original jurisdiction of th(is) action had it been filed in that court," has counsel for NOPSI and Dear specified any other basis to support the district court's exercise of jurisdiction. At best, it is contended that consolidation with a pending federal action-McKenzie's companion suit against the United States under the Federal Tort Claims Act-cured any jurisdictional defect. But consolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other. Alfred Dunhill, Inc. v. Republic of Cuba, 425 U.S. 682, 735, 96 S.Ct. 1854, 1880, 48 L.Ed.2d 301 (1976) (Marshall, J., dissenting); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2382, at 255 (1971); 5 Moore's Federal Practice P 42.02(3), at 42-27 to 42-29 (2d ed. 1982); see Johnson v. Manhattan Railway Co., 289 U.S. 479, 496-97, 53 S.Ct. 721, 727-28, 77 L.Ed. 1331 (1933). As a consequence, the subsequent consolidation of McKenzie's two lawsuits did not give the district court subject matter jurisdiction to adjudicate his action against NOPSI and Dear. See Appalachian Power Co. v. Region Properties, Inc., 364 F.Supp. 1273, 1277 (W.D.Va.1973); see also Suburban Trust Co. v. National Bank, 211 F.Supp. 694, 699 (D.N.J.1962) (by implication). Because no basis existed to support the district court's exercise of subject matter jurisdiction, the judgment against McKenzie in his action against NOPSI and Dear must be vacated and the action remanded to the Louisiana state court.
 
 III
 
 13
 The judgment entered against McKenzie in his action against the United States (No. 79-10) is affirmed. The judgment entered against McKenzie in his action against New Orleans Public Service, Inc. and Herman Dear (No. 79-3140) is vacated and the district court is instructed to remand the action to the Civil District Court for the Parish of Orleans.
 
 
 14
 AFFIRMED in part; VACATED and REMANDED in part.
 
 
 
 [1]
 Because this is an appeal from two actions consolidated for trial in the district court, it is docketed under a single number in this court. Therefore, in order to differentiate between the two actions on appeal, we refer to them using the separate docket numbers assigned in the district court
 
 
 [2]
 No. 79-10
 
 
 [3]
 The United States Army Corps of Engineers also was named as a defendant, but later was dismissed by stipulation of all parties
 
 
 [4]
 28 U.S.C. § 2671 et seq
 
 
 [5]
 No. 79-3140