Walter L. BAGGE, Juanita M. Bagge, Bradley E. Bagge, Susan A. Bagge, and Bagge Farms, a partnership, Plaintiffs and Appellants,

v.

Stan DARDIS, Defendant and Appellee.

Civ. No. 11103.

Supreme Court of North Dakota.

June 19, 1986.

As Amended June 26, 1986.

Sortland Law Office, Fargo, for plaintiffs and appellants; argued by Paul A. Sortland.

Conmy, Feste, Bossart, Hubbard & Corwin, Fargo, for defendant and appellee; argued by Lauris N. Molbert, and Faegre & Benson, Minneapolis, Minn.

GIERKE, Justice.

The appellants, Walter L. Bagge, Juanita M. Bagge, Bradley E. Bagge, Susan A. Bagge, and Bagge Farms (the Bagges), appeal from a district court order dated September 10, 1985. The portions of the order now under review are the dismissal with prejudice of a motion to join the appellee, Stan Dardis, as a party to an underlying lawsuit and the denial of a motion to consolidate certain cases. We affirm in part, reverse in part, and remand.

This action represents the third time that the Bagges have attempted to make Stan Dardis a defendant to a complaint which concerns identical transactions and occurrences. The same district court judge presided in all three actions.

The first attempt was in the case of Walter Bagge, et al. v. Norwest Bank of Fargo, Cass County District Court, Civil No. 82–1658 (the Cass action). The Cass action was commenced by the Bagges against Norwest for alleged fraudulent dealings on the part of Norwest. Approximately one year after the action began, the Bagges sought to amend the complaint and add Dardis as a defendant. The district court denied the motion to amend, concluding that joinder of Dardis would result in delay of the trial and would unduly prejudice the remaining defendants.

The second attempt to join Dardis was made in Traill County District Court, Norwest Bank of Fargo v. Bagge Farms, a partnership, Walter L. Bagge and Bradley E. Bagge, Traill County, Civil No. 8334 (the Traill action). The Traill action resulted in a dismissal with prejudice of a third party complaint against Dardis in March 1985.

The district court concluded that the complaint failed to state a claim upon which relief can be granted and that the third party complaint did not comply with Rule 14 of the North Dakota Rules of Civil Procedure. The appellants were represented by different counsel at these earlier proceedings.

Later, in March 1985, the Bagges commenced the instant action. By an order signed September 10, 1985, the District Court of Cass County ordered that the complaint against Dardis be dismissed with prejudice and the motion by the Bagges to consolidate all five pending cases as between Bagges and Norwest be granted in part and denied in part.

This third attempt, the instant action, was dismissed with prejudice because the court viewed it as an impermissible collateral attack on the previous court order in the Cass action. The court determined that the instant action was an attempt to circumvent the Cass action and that at this late stage in the proceedings joinder would cause further delay and prejudice.

The Bagges challenge the court's dismissal of the instant action by arguing that a corporate employee is personally responsible for tortious actions committed within the scope of his employment. The district court recognized that a "corporate officer may be separately and jointly responsible for torts committed while carrying out his corporate duties". However, the court, while noting a corporate officer's responsibilities, dismissed the complaint upon the ground that the complaint constituted an impermissible collateral attack.

■ The first issue to be discussed on appeal is whether or not the complaint was properly dismissed with prejudice in the instant action because it constituted an impermissible collateral attack on the Cass action. The record demonstrates that Dardis was not a party to the Cass action. Granted the action included an attempt to amend the complaint and join Dardis.

However, the district court denied this motion. Collateral attack cannot be used as a shield in the instant case when Dardis was never a party to the action (Cass action) which is said to be collaterally attacked.[1] Accordingly, we reverse this portion of the order and remand for further proceedings.

The second issue is whether or not the district court abused its discretion by denying in part the motion to consolidate. The Bagges had sought to consolidate five cases. The court granted consolidation of only the Cass and Traill actions. The refusal to consolidate the remaining three actions was premised on the district court's conclusion that further consolidation would prejudice one of the defendants.

Consolidation of a pending action is governed by Rule 42(a), N.D.R.Civ.P., which provides as follows:

### "RULE 42.
### CONSOLIDATION—SEPARATE
### TRIALS

*"(a) Consolidation.* When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

In the instant case, the district court was asked to consolidate five actions which the court determined involve different subject matter and different parties. The matter of consolidating pending actions lies within the discretion of the trial court under Rule 42(a). The district court concluded that consolidation of these actions would prejudice one of the parties. We are not convinced that the district court abused its discretion.

For the reasons stated in this opinion, the decision of the district court is affirmed in part, reversed in part, and remanded.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

LEVINE, Justice, specially concurring.

I write specially in order to supplement the rationale for reversing the trial court's order dismissing the complaint.

In the Cass action, the Bagges attempted to join Dardis as a codefendant with defendant Norwest Bank. I assume the Bagges proceeded under Rules 15 (Amended and Supplemental Pleadings), and 20 (Permissive Joinder of Parties), N.D.R. Civ.P., both of which rest upon the discretion of the court. I further assume that the trial court, in exercising its discretion in denying Bagges' motion to amend the complaint to join Dardis as a party, concluded that the delay and prejudice the joinder would have had on Norwest Bank outweighed its benefit of avoiding multiplicity of suits. Norwest won that battle but may have lost the war.

The Cass action order simply denied Bagges the right to sue Dardis in the pending Cass action against Norwest. It did not preclude Dardis from being sued in a separate action. It follows then that the initiation of a separate action by Bagges against Dardis does not constitute a collateral attack on the Cass action order.

---

**1.** The district court and counsel do not address the possible application of the doctrine of collat-eral attack to the Traill action. Therefore, we do not address it on appeal.