Reinholt HELLER, Plaintiff and Appellant,

v.

PRODUCTION CREDIT ASSOCIATION OF MINOT, Defendant and Appellee.

Civ. Nos. 900097 & 900182.

Supreme Court of North Dakota.

Oct. 31, 1990.

Reinholt Heller, Plaza, pro se.

Michael G. Sturdevant, of Olson, Sturdevant & Burns, Minot, for defendant and appellee.

VANDE WALLE, Justice.

Reinholt Heller appealed from a summary judgment dismissing his complaint against the Production Credit Association of Minot [PCA] and awarding PCA $1,628.25 in costs and attorney fees. Heller also appealed from the trial court's order denying his motion to vacate the judgment. We affirm in part, reverse in part, and remand for further proceedings.

Heller and his two sons brought three identical lawsuits against PCA, each seeking $4,863 and enforcement of a mechanic's lien for summer fallow and fall tillage left by them on land owned by PCA in 1987. Heller had deeded the subject property to PCA in June 1986 in settlement of PCA's foreclosure action against Heller. Under the terms of the stipulated agreement, Heller was allowed to retain possession of the property with an option to repurchase until April 1, 1987. Possession and the option to repurchase the property could be extended to December 1, 1987, upon Heller's payment of $9,500 by April 1, 1987. Heller paid the $9,500 as cash rent for the 1987 crop season. Heller did not exercise the option to repurchase and, after the 1987 crop season, PCA sold the property.

In 1988 Heller and his sons recorded various documents against the property. These included "Possession of Marketable Record Title," "Lis Pendens," an "Affidavit and Notice of Mechanic's Lien," and several deeds and assignments involving various "Living Trust" entities. PCA filed a statutory demand to remove the "Affidavit and Notice of Mechanic's Lien" and the Hellers responded with three lawsuits seeking compensation for summer fallow and fall tillage work performed between April 1 and December 31, 1987.

The trial court consolidated the three lawsuits for purposes of a hearing, granted

PCA's motions for summary judgment in the three cases, and dismissed the Hellers' complaints. The trial court ruled that the Hellers did not have a valid mechanic's lien because they did not give PCA prior written notice of a demand for payment as required by § 35–27–11(2), N.D.C.C. The trial court ruled in the alternative that, based on the undisputed facts, the Hellers had no right to recover payment for summer fallow or fall tillage from PCA. The trial court also awarded PCA judgment against the Hellers, jointly and severally, for $1,628.25 in costs and attorney fees under §§ 28–26–01 and 28–26–31, N.D.C.C. After Heller appealed to this court from the summary judgment,[1] he moved to vacate the summary judgment under Rule 60(b), N.D.R.Civ.P. The trial court denied the motion, concluding that it lacked jurisdiction to consider the merits of the motion. See *Buzzell v. Libi*, 340 N.W.2d 36 (N.D. 1983). Heller thereafter appealed from the denial of that motion.

Summary judgment is proper when, after viewing the evidence in a light most favorable to the opposing party and giving that party the benefit of all favorable inferences, there is no genuine dispute as to either the material facts or the inferences to be drawn from undisputed facts. *Matter of Estate of Hansen*, 458 N.W.2d 264 (N.D. 1990). Even if factual disputes exist, summary judgment is appropriate when resolution of the factual disputes would not change the result. *Miles Homes v. City of Westhope*, 458 N.W.2d 321 (N.D.1990). It is unnecessary for us to address the procedural issue of notice under § 35–27–11(2), N.D.C.C., because we agree with the trial court that Heller failed to raise a genuine issue of material fact to support his claim on the merits.

We have held that, in the absence of any agreement between the parties, there is no obligation on the part of the lessor to pay the lessee for improvements [2] left upon the property by the lessee at the conclusion of the lease. *Greeman v. Smith*, 138 N.W.2d 433 (N.D.1965); see also 51C C.J.S. *Landlord & Tenant* § 399(1) (1968).

■ In this case, there is no evidence of any agreement or contract, either oral, written, express, or implied, between PCA and the Hellers concerning payment for summer fallow or fall tillage for the 1987 crop season. Heller did not assert in the trial court, nor did he present any evidence to raise a reasonable inference, that more summer fallow existed on the land in December 1987 than existed when he deeded the property to PCA in 1986. Heller also presented no evidence to establish custom or usage regarding payment for summer fallow acreage. See *Tong v. Borstad*, 231 N.W.2d 795 (N.D.1975). On these undisputed facts, we conclude that the trial court properly granted summary judgment dismissing the Hellers' complaints. In the absence of any right to recover payment, Heller is not entitled to a mechanic's lien.

■ Heller asserts that the trial court erred in consolidating the three lawsuits for purposes of the hearing on the summary judgment motions. Consolidating pending actions under Rule 42(a), N.D.R.Civ.P., is discretionary with the trial court [*Bagge v. Dardis*, 389 N.W.2d 606 (N.D.1986)], and the trial court may consolidate on its own motion. *Landers v. Goetz*, 264 N.W.2d 459 (N.D.1978). These actions clearly involved "a common question of law or fact...." Rule 42(a), N.D.R.Civ.P. The trial court did not abuse its discretion in consolidating the actions.

■ Heller also asserts that the trial court erred in holding Heller and his sons jointly and severally liable for the award of costs and attorney fees. Heller's major contention is that this effectively results in a trebling of the award. Heller misperceives the meaning of joint and several liability. Imposition of joint and several liability enables the injured party to satisfy an entire judgment against any one joint

---

1. Heller's sons did not appeal from the identical adverse summary judgments entered in their actions against PCA.

2. We do not decide whether summer fallow constitutes an "improvement" for purposes of the mechanic's-lien statutes. See § 35–27–01(3), N.D.C.C.

wrongdoer, even if that joint wrongdoer contributed only a small part to the harm inflicted. E.g., *Hoerr v. Northfield Foundry and Mach. Co.,* 376 N.W.2d 323 (N.D.1985). Joint and several liability does not result in the injured party recovering the amount of the entire award against each joint wrongdoer [see *Medearis v. Miller,* 306 N.W.2d 200 (N.D.1981) ], and PCA indicates that it "has absolutely no intention of making a multiple recovery on its costs judgment."

■ Nevertheless, we believe that, under the circumstances, the trial court erred in holding Heller and his sons jointly and severally liable for the award of costs and attorney fees. Heller and his sons were not joined as parties under Rules 19 or 20, N.D.R.Civ.P. Rather, their actions were consolidated for purposes of the summary judgment hearing under Rule 42(a), N.D.R. Civ.P., and separate judgments were issued in each of the three cases. Consolidation under Rule 42(a) "does not cause one civil action to emerge from two." *McKenzie v. United States,* 678 F.2d 571, 574 (5th Cir. 1982). Nor does it "so completely merge the two cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and each requires the entry of a separate judgment." *Miller v. United States Postal Service,* 729 F.2d 1033, 1036 (5th Cir.1984). See also *Landers v. Goetz, supra.* As a result, "the parties and pleadings in one action do not automatically become parties and pleadings in the other action." 5 *Moore's Federal Practice* ¶ 42.02[3], at pp. 42–49 (2d ed. 1988) [Footnote omitted.]. See also 9 Wright & Miller, *Federal Practice and Procedure: Civil* § 2382, at pp. 254–255 (1971).

Generally, a judgment may not be rendered in favor of or against a person who is not a party to the action. 46 Am.Jur.2d *Judgments* § 86 (1969); see also *Rath v. Armour and Company,* 136 N.W.2d 142 (N.D.1965); *Dixon v. Kaufman,* 79 N.D. 633, 58 N.W.2d 797 (1953); *Underwood State Bank v. Weber,* 49 N.D. 814, 193 N.W. 602 (1923). Because Heller and his sons were not co-parties to this lawsuit, we conclude that the trial court erred in holding them jointly and severally liable for the award of costs and attorney fees.[3]

■ Notwithstanding our conclusion that the trial court erred in holding Heller and his sons jointly and severally liable for the costs and attorney fees, Heller's sons have not appealed from any of the three judgments, and those judgments, including the provision that the sons are jointly and severally liable for costs and attorney fees, are final as to the sons. Although Heller has raised the issue on appeal from the judgment against him, he cannot raise the issue on behalf of his sons. The provision that holds Heller and his sons jointly and severally liable appears favorable to Heller, i.e., his sons may pay all or a portion of the costs and the fees. Ordinarily a party may not appeal a judgment favorable to his position. E.g., *Bernhardt v. Rummel,* 319 N.W.2d 159 (N.D.1982). In this instance, however, the trial court may not have awarded the entire $1,628.25 in costs and attorney fees against Heller in this action. If that would have been true, and were we to let the judgment stand, Heller could, as a result of the joint liability with his sons, be required to pay a greater amount than he otherwise would be required to pay. We therefore conclude he is an aggrieved party [*State ex rel. Hjelle v. Bakke,* 117 N.W.2d 689 (N.D.1962) ] and that we must reverse the portion of the judgment making Heller jointly liable for the costs and attorney fees.

We have considered the other arguments raised by Heller and deem them to be with-

---

**3.** Although some cases indicate that imposing joint and several liability for costs and attorney fees in consolidated actions is proper [see *Karrick v. Edes,* 57 App.D.C. 219, 19 F.2d 693 (1927); *Stepanov v. Gavrilovich,* 594 P.2d 30 (Alaska 1979); and *State ex rel. Corbin v. Arizona Corp. Com'n,* 143 Ariz. 219, 693 P.2d 362 (Ct.App. 1984) ], it appears that the term "consolidation" in those cases was used in the sense of combining several actions into a single action in which a single judgment is entered. See 9 Wright & Miller, *Federal Practice and Procedure: Civil* § 2382, at p. 254 (1971) [discussing the different senses in which the term "consolidation" has been used by the courts].

out merit. Accordingly, we reverse the summary judgment insofar as it holds Heller jointly liable for the award of costs and attorney fees and remand for a redetermination of the costs and attorney fees to be assessed against Heller. The summary judgment is affirmed in all other respects. Costs on appeal are awarded to PCA. The trial court is now free to consider the merits of Heller's Rule 60(b) motion.

ERICKSTAD, C.J., and MESCHKE, J., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of GIERKE, J., disqualified.

LEVINE, Justice, concurring and dissenting.

I would rely on the sensible authority cited in note three of the majority opinion and affirm the judgment in its entirety.

When three family members each sue the same defendant for a common remedy based upon common facts and common law, and those actions are consolidated, it makes no sense to hold that the three plaintiffs should not be jointly and severally liable for the one defendant's attorney's fees incurred in the consolidated action. If they look, act and feel like co-parties, they should be treated like co-parties for purposes of attorney's fees.