IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31158
Conference Calendar

_____


THEODORE R. MEEKS, JR.,

                                        Plaintiff-Appellant,

versus

IBERVILLE PARISH SHERIFF'S OFFICE;
RICHARD J. WARD, District Attorney
for 18th Judicial District Court;
MICHAEL M. DESTEFANO; MICHAEL GRANT;
HORACE COOK; LORETTA JAMES; RICHARD
ANTOINE,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-480-C
- - - - - - - - - -
June 15, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

    Theodore R. Meeks, Louisiana prisoner # 113328, filed a
civil rights action in state court alleging damages arising from
his arrest for simple burglary.  He also sought to have this
state charge expunged from his record and for a determination to
be made regarding pending misdemeanor charges.  Meeks then filed
a "Motion for Removal of Motions from State Court" seeking to

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

remove these actions to federal court pursuant to 28 U.S.C. § 1443. Citing 28 U.S.C. §§ 1915(e) and 1915A, the district court dismissed his action as frivolous and for failure to state a claim.

Meeks had no authority to remove these actions to federal court because he instituted the state court proceedings, and, to the extent these actions stemmed from his criminal proceedings, such proceedings did not qualify for removal under § 1443. See 28 U.S.C. §§ 1441(a) & 1443; McKenzie v. United States, 678 F.2d 571, 574 (5th Cir. 1982) (noting "only a defendant, never a plaintiff, may remove a civil action from state to federal court"). Therefore, the district court lacked jurisdiction over his motion, and we affirm its dismissal of Meeks' motion on this alternative basis. See Arizonans for Official English v. Arizona, 520 U.S. 43, 73 (1997).

AFFIRMED.