## FREELAND *v.* WEED ET UX.

[No. 10,611.   Filed November 5, 1920.   Rehearing denied February 2, 1921.   Transfer denied March 31, 1921.]

APPEAL.—*Right of Appeal.—Order Denying Adoption of Minor Child.—Appeal by Grandparent.—Dismissal.—*A maternal grandmother who, after being made a party on her petition to a proceedings to adopt a minor child, unsuccessfully petitioned to adopt such child, has no right of appeal from the judgment denying her the right of adoption, and her appeal will be dismissed.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Petition by Hugh H. C. Weed and wife for the adoption of Catherine Andrew, a minor child, to which Mrs. Fred C. Freeland was made a party.    From an order of adoption, Mrs. Freeland appeals.    *Appeal dismissed.*

*Lemuel Darrow, Earl Rowley* and *John B. Dilworth,* for appellant.

*H. W. Salwasser and Elias D. Salsbury,* for appellees.

ENLOE, P. J.—The appellees, Hugh H. C. Weed and Faith Potter Weed, his wife, on February 19, 1919, filed their petition in the Laporte Circuit Court for the adoption, as their legal heir, of one Catherine Andrew, minor child of Henry J. and Elizabeth M. Andrew, both deceased.    The petition alleges that said child was born on November 29, 1918; that both its parents were deceased; that the petitioners were able to properly care for, support and educate said child, etc.

The appellant, the maternal grandmother of said child, filed her petition asking to be made a party, which petition was by the court sustained, and she was permitted to appear, file and answer.    She also filed a cross-complaint asking that she be permitted to adopt said child.

A hearing was had upon said matters and the court found that it would be to the best interest of Catherine Andrew that she be adopted by the said petitioners as their legal heir at law, and ordered: "That the said Catherine Andrew be, and she is hereby adopted by the said petitioners, Hugh H. C. Weed and Faith Potter Weed, and each of them, as their legal heir at law, and that her name be, and the same is hereby changed to that of Catherine Andrew Weed."

From this order the appellant prosecutes this appeal.

The appellees have moved to dismiss the appeal on

the grounds: (1) That the proceedings are purely statutory and *ex parte* in character; (2) that the said grandmother was neither a necessary or proper party, under the statute, to such proceedings, and her consent thereto was therefore of no consequence; (3) that the said order of the court is not a *final judgment,* from which an appeal will lie; and (4) that the appellant has no legal interest herein and is not so affected by said order that she has any right of appeal.

There is no provision in the law of Indiana authorizing a party who unsuccessfully petitions to adopt a child, and is denied the right so to do, to appeal from the judgment denying such petition.

The case of *Leonard* v. *Honisfager* (1909), 43 Ind. App. 607, 88 N. E. 91, is decisive of the material questions involved in this appeal, and on the authority of that case, the motion to dismiss is sustained, and this appeal is dismissed at appellant's cost.