[File No. 5916.]

IN THE MATTER OF THE ADOPTION OF JANET FLORENCE MAIR, Also Known as Janet Mair, a Minor.

DAVID E. MAIR AND PEARL LOU MAIR, Respondents, v. BOARD OF ADMINISTRATION OF STATE OF NORTH DAKOTA, Respondent, and AMANDA JACKMAN, Ray Jackman, C. J. Martinson, and Alma I. Martinson, Appellants.

(237 N. W. 756.)

Opinion filed July 22, 1931.

*Nestos, Herigstad & Stenersen* and *Clayton Parks,* for intervenors and appellants.

*L. J. Palda, Jr., C. E. Brace* and *Robert W. Palda,* for respondents.

BURR, J. In May 1930, two of the intervenors—C. J. Martinson and Alma I. Martinson, his wife—applied to the district court of Hennepin county, Minnesota, for permission to adopt a minor, Janet Florence Mair.

On June 9, 1930, the petitioners, David E. Mair and Pearl Lou Mair his wife, applied to the county court with increased jurisdiction of Ward county for leave to adopt the child and on June 9, 1930 that court entered a decree permitting the adoption.

In July, 1930, while the proceedings were pending in Minnesota, the intervenore applied to the county court of Ward county to set aside its decree already entered, which application was denied. This application was renewed in December 1930, after the district court in Minnesota granted permission to adopt, and the application was again denied.

From the orders of the county court of Ward county refusing to vacate this decree and denying the petition to intervene the intervenors appeal to this court.

Both parties treat this matter as if an appeal could be taken to this court in such matters. If it were merely a matter of procedure we might overlook a question which has not been raised by the respondents, but § 86 of the Constitution of the state says:

"The supreme court, except as otherwise provided in this constitution, shall have appellate jurisdiction only, which shall be coextensive with the state and shall have a general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law."

Unless, therefore, some method be prescribed by law whereby this court may exercise "general superintending control" or some method of appeal be prescribed, this court is not in position to assume jurisdiction.

Under the provisions of § 4446 of the Supplement any person desiring to adopt a minor child "may petition . . . the county court

having increased jurisdiction, in the county in which he is a resident, for leave to adopt" such minor child. Nowhere in the chapter of the Civil Code dealing with adoption is there any provision made for appeal to any court from the action of the court in granting or refusing to grant such adoption. Only a county court with increased jurisdiction, or a district court, may entertain such petitions. Section 8960 of the Compiled Laws deals with appeals from the county court with increased jurisdiction and this section says:

"In all actions brought under the provisions of this chapter an appeal may be taken to the supreme court of the state in the same manner and pursuant to the same rules as appeals from the district court."

There is no provision therein whatever for appeal in a proceeding like that for adoption.

The county court, as generally constituted, has no jurisdiction to entertain a petition for leave to adopt. Article 9 of the Probate Code, being §§ 8599 to 8624 of the Compiled Laws, makes provisions for appeals from the county court in probate matters. It is clear such sections are limited to appeals in probate matters only. The article is dealing with the power of the county court in the settlement of estates and guardianship; and if by any stretch of imagination it can be said to include adoption matters it will be noticed that this form of appeal is limited to appeals to the district court. See § 8599.

It is true that in this state application for leave to adopt is made to the court and not to a judge. It is therefore a judicial proceeding. See Abney v. De Loach, 84 Ala. 393, 4 So. 757; 1 C. J. 1383. But though a judicial proceeding this court cannot entertain an appeal unless provision be made for appeal. Where there is no provision for appeal then appeal does not lie. Torgerson v. Minneapolis, St. P. & S. Ste. M. R. Co. 51 N. D. 745, 200 N. W. 1013; Myrick v. McCabe, 5 N. D. 422, 67 N. W. 143; Whitney v. Ritz, 24 N. D. 576, 140 N. W. 676; Meyers v. Meyers, 32 Ill. App. 189; Lewis's Appeal, 6 Sadler (Pa.) 79, 10 Atl. 126.

In Vandermis v. Gilbert, 10 Pa. Super. Ct. 570, it is said: "No provision is made for an appeal in adoption . . . and review can only be had by writ of certiorari" in that state. In Dixon v. Haslett, 232 Ill. App. 152, it is held that a "writ of error will not lie to review the judgment of the county court in adoption proceedings, where no

property rights or rights of personal liberty are involved, adoption proceedings being purely statutory, there being no statutory provision for appeal or writ of error." See also Freeland v. Weed, 75 Ind. App. 273, 128 N. E. 656; Re Young, 259 Pa. 573, 103 Atl. 344.

Re Hughes, 88 Okla. 257, 213 Pac. 79, says: "There is no specific statute providing for appeals to the supreme court from the action of the county court in adoption proceedings;" and further says, "An order of the county court permitting the adoption of an infant child is conclusive, so far as that court is concerned. Such court has no further jurisdiction in the matter." Petitions for adoption are addressed to the county court or probate court in Oklahoma and in Kansas, and Re Bush, 47 Kan. 264, 27 Pac. 1003, furnishes the second quotation from the Oklahoma opinion.

It may be the court which granted the decree has the power to revoke it upon proper showing, though there is no statutory provision for revocation nor any provision for appeal from a refusal to revoke. This does not say however, that the intervenors are without remedy. A suit in equity to set aside adoption, an application for a writ of habeas corpus or for a writ of error, and other remedies have been entertained by the courts to test the validity of adoption proceedings. We are not required to pass upon the availability of these remedies. Without statutory provision for an appeal this court has no jurisdiction to entertain the appeal herein and therefore it is dismissed.

CHRISTIANSON, Ch. J., and NUESSLE, and BURKE, JJ., concur.

BIRDZELL, J. (concurring). I am of the opinion that the appeal in this case must be dismissed for the reasons stated in the principal opinion, and I further agree that we are not required to pass upon the availability of other remedies such as are suggested in the opinion to test the validity of the adoption proceedings. In view of the record, however, showing the summary character of the proceedings in the county court of Ward county, I think it may fairly be questioned whether or not the court had jurisdiction to proceed as it did and in the event it exceeded its jurisdiction, there being no appeal, the entire proceeding may be subject to review by certiorari. Sections 8445 to 845ᵦ, Comp. Laws 1913. Since we are suggesting other remedies,

this remedy, in my opinion, should be included. A word more as to the reason for including it. The petition for adoption was filed on June 7th. It showed that Janet Mair had no guardian in the state of North Dakota. It showed that her parents at the time of their death were residents of Minnesota and that one Gould was guardian of her person under proper appointment in Minnesota. The petition does not negative the existence of other relatives (possibly residing in Minnesota) as near to the minor as the petitioners here. The petition for the appointment of a North Dakota guardian was filed on the 9th of June by the same petitioners who petitioned for the adoption and the decree of adoption was made on the same day as the filing of the petition for appointment of guardian. On the same day the guardian was appointed. It further appears that the ward has no estate in North Dakota. It may fairly be questioned in these circumstances whether the ward's residence or domicile was changed from Minnesota to North Dakota. See 12 R. C. L. 1121. And if the ward was not a resident of Ward county at the time of the appointment of a guardian the validity of that appointment may well be doubted. Comp. Laws 1913, § 8874. If there was no legal appointment of a guardian in North Dakota then the remaining proceedings for adoption may be invalid by reason of the failure to give the notice required by § 4444, 1925 Supp. to the Comp. Laws of 1913, which requires three weekly published notices, the last of which shall be at least ten days before the time set for the hearing. This is not to suggest that the county court of Ward county did in fact exceed its jurisdiction in entering the decree in question but it is to point to the availability of a writ of certiorari to review the proceedings for excess of jurisdiction if it should be conceived that the possible defects alluded to render the decree void or voidable as one rendered pursuant to acts in excess of the jurisdiction of the court.