[File No. 6443.]

IN THE MATTER OF THE PETITION OF MABEL MYRTLE ECKLUND for the Adoption of Ardys June Charlotte Nelson, a Minor.

ARTHUR M. NELSON, Appellant, v. MABEL MYRTLE ECKLUND, Respondent.

(270 N. W. 347.)

Opinion filed December 12, 1936.

*F. E. McCurdy,* for appellant.

*Geo. S. Register,* and *Hyland & Foster,* for respondent.

BURR, J. This is an appeal from the judgment of the district court refusing to vacate a decree of adoption.

In May 1935 the respondent petitioned the district court for leave

to adopt the child involved, now under seven years of age. The mother of the child was dead and the child was in the custody of the respondent. Petitioner alleged in the petition that the father had been judicially declared to be insane and was at that time confined in the state hospital for the insane. Notice of the application was sent to the board of administration, as required by Section 4446 of the Supplement, together with a copy of the petition so filed. The board made an investigation as required by this section and submitted its report declaring the petitioner "to be a suitable and proper person to provide a good home and satisfactory upbringing for a child;" that the child was fit and proper for adoption; and that "it is to her interest and general well-being that this petition is granted." The board then recommended the granting of the petition.

No notice of the petition for adoption was given to the father, his consent was not sought, no guardian was appointed for him; nor was he in any way made a party to the proceedings. The court granted a decree of adoption on the theory that under the circumstances of the case the consent of the father was not necessary and no notice to him need be given.

In April 1936 this appellant moved the court "to vacate the decree of adoption and permit a regular hearing to be had." This was based on the lack of notice and consent. Respondent made special appearance and objected "for the reason that there is no provision of law in this State providing for the vacating or reopening of a Decree of Adoption upon any ground contained in the Petition . . . and for the further reason that the Decree herein has become final." The district court, however, listened to the application and made a preliminary investigation, then made findings of fact and determined "that the District court had jurisdiction to enter the decree of adoption herein, and that the court refuses to disturb the same."

The appellant here urges that the district "court had no jurisdiction to make the investigation and the findings of fact, WITHOUT FIRST OPENING UP THE DECREE OF ADOPTION AND THIS IT DID NOT DO so that the court had no jurisdiction to go into the facts of the case, it was limited to questions of law to determine the jurisdiction."

We are satisfied this appeal cannot be entertained. This attempted

appeal is not in a separate special proceeding brought by the appellant, nor is it a civil action brought by him wherein he seeks a remedy for an injury to his rights. The adoption proceedings were not a civil action and the appellant herein was not made a party to these proceedings.

It is not sufficient that the appellant show he has an interest in the matter involved. He must show also that he is aggrieved and prejudiced by the judgment or decree of which he complains. So long as the decree complained of does not conclude him from asserting or defending his interests or claims, then he is not affected thereby. The rule is well set forth in 2 Am. Jur. Appeal and Error, pp. 943 to 945.

It will be noted that the district court did not vacate the decree of adoption and permit the appellant herein to intervene. No intervention is claimed. The court made an investigation and took testimony to determine whether it would vacate the decree and refused to do so. It is true our law provides that, while an order made by the district court without notice is not appealable, yet "orders made by the district court after a hearing is had upon notice which vacate or refuse to set aside orders previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice." Comp. Laws, subd. 5, § 7841. But though order and decree for adoption were entered without notice, they were also granted without making the appellant a party to the proceedings, and his rights remained untouched. He could not have appealed from that order or decree and thus cannot avail himself of the right specified in subdivision 5, § 7841 of the Code. The principles underlying adoption proceedings are clearly and lengthily set forth in Morrison v. Sessions, 70 Mich. 297, 38 N. W. 249, 253, 14 Am. St. Rep. 500.

In this state an application for leave to adopt is made to the court and not to the judge of the court, and it is, therefore, a judicial proceeding. Re Mair, 61 N. D. 256, 260, 237 N. W. 756, 757. But it is not every order in a judicial proceeding which is subject to appeal. If petitioner's rights are invaded he has a remedy, for there is a remedy for every wrong. Comp. Laws, § 7257.

A civil action or a special proceeding is a remedy (Comp. Laws, § 7329) and a remedy is a measure employed to enforce a right or redress an injury. Re Joseph, 118 Cal. 660, 50 P. 768, 769; Walters v. Ottawa, 240 Ill. 259, 88 N. E. 651, 654; Missionary Soc. v. Ely, 56 Ohio St. 405, 47 N. E. 537, 539; United States v. Lyman (C. C.) 1 Mason, 482, Fed. Cas. No. 15,647. It is the form of relief by which the right is enforced (Ebner v. Haverty Furniture Co. 138 S. C. 74, 136 S. E. 19, 20) and is no part of the cause of action. Dahlquist v. Mattson, 40 Idaho, 378, 233 P. 883, 885.

In the Mair Case, 61 N. D. 256, 237 N. W. 756, supra, we suggested certain possible remedies. Appellant did not seek to avail himself of any of these. This is not an action to vacate the decree of adoption, nor an appeal from a judgment quashing a writ of habeas corpus as in Larson v. Dutton, 40 N. D. 230, 168 N. W. 625. After the decree had been entered and the proceeding closed, appellant attempted a sort of intervention and this was denied him. The order of denial and the judgment entered thereon are not appealable and so the appeal is dismissed.

BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.