[File No. 6799]

ELMER AND MRS. ANNA KING, Respondents, v. STARK COUNTY, a Municipal Corporation, the State of North Dakota, and State Highway Commission and Commissioner in and for the State of North Dakota, Appellants.

(10 NW(2d) 877)

Opinion filed August 27, 1943.

718

*W. T. DePuy,* for appellants.

*J. K. Murray,* for respondents.

Burke, J. In this case judgment for the plaintiffs in the sum of $4,500 was entered against the defendants, the state highway commissioner and the state of North Dakota pursuant to a stipulation executed on behalf of the defendants by the state highway commissioner and an assistant attorney general. Subsequent to the execution of this stipulation and before the entry of judgment thereon the highway commissioner who signed the stipulation was superseded in office by the present highway commissioner. Thereafter the present highway commissioner and the state joined in a motion to set the judgment aside upon the grounds that the stipulation for judgment was fraudulently executed and that the individuals who signed it had no power or authority to bind the State. The trial court found against the defendants upon both grounds and denied the motion. The defendant, the state highway commissioner, has appealed from this order. Notice of this appeal was served upon the attorney general but there is no appeal in the name of the state. The attorney general has the exclusive authority to appeal on behalf of the state (State v. Erickson, ante, 417, 7 NW (2d) 865) and upon the record we must assume he was satisfied with the trial court's order.

The respondents have moved to dismiss the highway commissioner's appeal upon the ground that he is not aggrieved by the order appealed from and that he therefore has no legal right to maintain the appeal. If respondents are correct in their contentions as to the facts, the motion must be granted. Only a party aggrieved by an order or judgment has the right of appeal. Pearce v. North Dakota Workmen's Comp. Bureau, 68 ND 78, 276 NW 917; Re Ecklund, 67 ND 140, 270 NW 347.

This action is for damages to real property alleged to have resulted from the construction of a state highway. The judgment, which is for money only, was nominally against both the highway commissioner and the state. It is conceded, however, that it imposes no obligation upon the highway commissioner. If and when the judgment is paid, it will be paid out of state funds available to the highway department for the construction, maintenance and repair of highways. The payment will

be made upon a warrant drawn by the state auditor upon the state treasurer. King v. Baker, 71 ND 125, 299 NW 247. The judgment would not compel any act upon the part of the highway commissioner either individually or in his official capacity, and the payment thereof would not affect either him or the highway department unless the tax collections available to the highway department were insufficient both to pay the judgment and to maintain the department's current program. Such an effect is contingent and indirect. Only a party who is directly and adversely. affected by a judgment or order is aggrieved thereby. 4 CJS 356. "The right invaded must be immediate, not merely·some possible remote consequence." Luckenbach v. Laer, 190 Cal 395, 212 P 918; Harmon v. Harmon, 141 Tenn 64, 206 SW 333. We conclude therefore that the highway commissioner is not aggrieved by the order from which he has appealed and the motion to dismiss the appeal is accordingly granted.

MORRIS, Ch. J., and NUESSLE, BURR, and CHRISTIANSON, JJ., concur.