Application of HVIDSTEN TRANSPORT, INC., Fargo, North Dakota, to Sell, and Indianhead Truck Line, Inc., St. Paul, Minnesota, to Buy Special Certificate No. 598.

INDIANHEAD TRUCK LINE, INC.,
a corporation, Respondent,

v.

Martin VAALER, Ernest D. Nelson and Anson J. Anderson, as members of the Public Service Commission of the State of North Dakota, Respondents,

and

Hvidsten Transport, Inc., Appellant.

No. 7922.

Supreme Court of North Dakota.

Jan. 26, 1962.

R. W. Wheeler, Bismarck, for appellant.

Leslie R. Burgum, Atty. Gen., and Gerald G. Glaser, Commerce Counsel, Bismarck, for respondent, Public Service Commission.

Burnett, Bergesen, Whittlesey, Shermoen & Pancratz, Fargo, for respondent, Indianhead Truck Line, Inc.

PER CURIAM.

On August 7, 1958, Hvidsten Transport, Inc. of Fargo, N. D. and Indianhead Truck Lines, Inc. of St. Paul, Minn., joined in an application to the Public Service Commission, asking the Commission's approval of a sale by Hvidsten, Inc. to Indianhead, Inc. of Common Motor Carrier Certificates 598 and 642, and certain terminal facilities and equipment, in accordance with the terms of a contract between the parties. This application was denied by the Commission on December 28, 1958, and a petition for a rehearing, filed by Indianhead, Inc. was denied February 16, 1959. Thereafter Indianhead, Inc. appealed to the District

Court from the decision of the Commission. Upon that appeal, the District Court remanded the matter to the Commission for a rehearing. Upon the rehearing the application was again denied, and again Indianhead, Inc. appealed to the District Court.

Upon the second appeal, the District Court reversed the order of the Commission and judgment was entered remanding the case to the Commission with directions to enter an order approving and authorizing the transfer. The Commission did not appeal but made its order approving the transfer as directed by the District Court's judgment.

■■■ Hvidsten, Inc., however, has appealed from that judgment although the effect of the judgment is to give it exactly what it asked in its petition to the Public Service Commission. Where the effect of a judgment is to give to a party to an action or proceeding exactly what such party has asked for in the action or proceeding, such party cannot be said to be aggrieved by the judgment. Only a party aggrieved by an order or judgment has a right of appeal therefrom. King v. Stark County, 72 N.D. 717, 10 N.W.2d 877; Pearce v. N. D. Workmen's Compensation Bureau, 68 N.D. 78, 276 N.W. 917; Re Ecklund, 67 N.D. 140, 270 N.W. 347.

In this case appellant's right to appeal was not challenged by the appellee. That fact, however, is immaterial. Where an appellant has no right of appeal, this court will dismiss the appeal on its own motion. In re Rusch's Estate, 62 N.D. 138, 241 N.W. 789. This appeal is therefore dismissed.

SATHRE, C. J., and BURKE, MORRIS, STRUTZ, and TEIGEN, JJ., concur.