Leola STEFFEN, Plaintiff and Appellant,

v.

Paul BOYLE, J. Wesley Reed, and Implement Dealers Mutual Insurance Company, a corporation, Defendants and Respondents.

No. 7979.

Supreme Court of North Dakota.

May 4, 1962.

Q. R. Schulte, Stanley, for plaintiff and appellant.

Palda, Palda, Peterson & Anderson, Minot, for respondent Paul Boyle.

Joseph P. Stevens, Minot, for respondent J. Wesley Reed.

Day, Stokes, Vaaler & Gillig, Grand Forks, for respondent Implement Dealers Mut. Ins. Co.

TEIGEN, Judge.

For several years prior to 1953, Leola Steffen and her husband owned and operated in partnership Steffen Motors at Mohall, North Dakota. Her husband died in April of 1953 and Leola Steffen was appointed administratrix of his estate. Fire insurance was carried on the business property with Implement Dealers Mutual Insurance Company, a corporation. Steffens held an agency contract with the Ford Motor Company and dealt in automobiles and farm equipment in the area of sales, service and repair. In June of 1953 Leola Steffen, individually and as administratrix of her husband's estate, sold the business to J. Wesley Reed for an agreed price of $26,000. The Steffens were indebted to one R. J. Borstad in the amount of $13,000.

The purchaser assumed and paid the indebtedness due Borstad and agreed to pay the balance of $13,000 on a delayed payment plan. In addition, the purchaser agreed to pay $3,000 rental for the premises occupied by the business which had been prepaid by the Steffens. Two promissory notes were executed and delivered as evidence of the indebtedness. One note was in the amount of $13,000 dated June 1, 1953, payable five years from November 1954. The second note was dated October 12, 1953, in the amount of $3,000 payable one year after date. The purchaser also became indebted to the seller for an additional amount of $2,000 which was not evidenced by a note but is undisputed. Possession of the property was delivered to the purchaser about June 1, 1953. The purchaser paid only the sum of $2,500 on his indebtedness. On January 18, 1957, the property was destroyed by fire and the Implement Dealers Mutual Insurance Company paid the purchaser, Reed, as their insured, the sum of $35,216.83 to cover his loss. This payment was made in March of 1957. Reed failed to pay his indebtedness to Leola Steffen.

This action was brought in September of 1960 by the seller Leola Steffen against the purchaser Reed, the insurer Implement Dealers Mutual Insurance Company and its agent Paul Boyle, alleging negligence and fraud. Plaintiff alleged:

"That after said sale the said defendant, Paul Boyle, together with J. Wesley Reed, did negligently and fraudulently change the beneficiary of said policy, hereinbefore mentioned, to J. Wesley Reed without notifying, consent or knowledge of the said plaintiff, and in effect cancelled said policy without notice, consent or knowledge to this plaintiff."

She alleges she suffered damages on account thereof in the sum of $17,558.84 which should have been paid to her out of the proceeds of the insurance, had it not been for the negligence and fraud of the defendant

Paul Boyle which was imputable to his principal, the Implement Dealers Mutual Insurance Company. The case was tried to the court without a jury. The lower court found for all defendants dismissing plaintiff's action. Plaintiff has appealed from the judgments and has demanded trial de novo in this court.

There was no detailed description of the insurance policy in the plaintiff's amended complaint, although it alleges the insurer was the Implement Dealers Mutual Insurance Company of America, the correct name of which is stated in this defendant's answer as Implement Dealers Mutual Insurance Company. The complaint states the business was "fully insured" through the agent of the insurer, the defendant Paul Boyle, and that it covered the property which the plaintiff sold to the defendant Reed.

The record, however, is entirely devoid of proof that the insurance policy referred to was in any manner changed by the defendants or any of them after the sale. The plaintiff introduced in evidence the "daily copy" of the policy. It was a one-year policy effective September 15, 1952. The policyholders were "William A. Steffen and Leola H. Steffen, as joint tenants and not as tenants in common with right of survivorship DBA Steffen Motors Mohall, North Dakota." This policy was permitted to expire at the end of the insuring period which was September 15, 1953, about three and one-half months after the alleged date of sale.

The next insurance policy, according to the record and also introduced by the plaintiff, became effective September 15, 1953. This was written by the same insurer and named as the insured "J. W. Reed—DBA—Steffen Motors Mohall, North Dakota." This policy, by endorsement dated November 14, 1953, was assigned to and vested in "J. W. Reed DBA Reed Motors." Said policy was issued as a new policy and not as a renewal.

The plaintiff, in his brief and in his argument before this court, asserts that the

assignment of this last described policy was a fraudulent act and points out the change was made very shortly after the plaintiff had left the vicinity of Mohall for her native state of Alabama. The plaintiff overlooks the fact that the change of the insured by the assignment in no way affected her. It was J. W. Reed who was the insured in either instance and whether he was doing business as Steffen Motors or as Reed Motors was immaterial. It appears from the record that the plaintiff, Leola Steffen, acquiesced in the change of the business name from Steffen Motors to Reed Motors. On February 11, 1954, she executed and delivered an assignment of the Sales Agreement with the Ford Motor Company. By this assignment she assigned, transferred and set over to J. Wesley Reed, an individual doing business as Reed Motors, all of her interest in the Ford Sales Agreement. There is no merit to plaintiff's contention.

■ The plaintiff also argues that failure to include her as an appointee under a loss payable clause in the insurance policy carried by the defendant Reed on the property, which policy was written by the defendant Boyle in the defendant insurance company, was fraud and negligence. Evidence in support of this argument was introduced. This issue was not raised by the complaint; however, no objection upon that ground was made and the issue was determined by the court adverse to the plaintiff. In view of the events in the trial court, failure to amend the complaint did not affect the result of the trial of this issue. Rule 15(b) N.D.R.Civ.P.

Plaintiff admits that she had no lien or security in the property sold. There was no retention of title or ownership. The sale is evidenced by promissory notes and a contract of sale. The contract of sale makes no reservations of title or ownership and makes no provision for security. It is a memorandum of the sale and its terms. The terms in the contract vary from the terms of the promissory note; this, however, is not in issue in this case. It is the contention of the plaintiff that the defendant Boyle, agent for the insurer, had a duty to attach a loss payable clause in favor of the plaintiff to the defendant Reed's insurance policy and that his failure to do so was negligence and fraud. In support of this claim the plaintiff testified that, after the sale and delivery of the property to Reed, she had conversation with the defendant Boyle in which she expressed a desire to be "protected in the insurance," and that on another occasion he told her: " * * * I would be protected, that I would be covered." Nowhere in the record is it established, nor was there any attempt to establish, that the insured, defendant Reed, agreed or had knowledge of this request. There was no attempt to establish that, as a condition of the sale, a loss payable clause in favor of the plaintiff be made a part of the insurance contract carried by the purchaser, Reed.

■ Had a loss payable clause been attached by the insurer or its agent at the creditor's request, without the consent of the insured or his knowledge, it would be void. Vol. 5, Insurance Law and Practice by Appleman, Sec. 3402; New York Underwriters v. Denson, 100 Okl. 89, 227 P. 122. The defendant Boyle denies any such conversation. There is no attempt to establish the defendant Boyle as the agent of the plaintiff.

■ Plaintiff testified she paid no premiums and did not have possession of any insurance policy, memorandum thereof, or evidence of any type that she had insurance protection. More than three and one-half years elapsed between the sale and the fire which consumed the property and an additional three and one-half years elapsed after the fire and before the commencement of this suit. During this latter period and after the fire, the plaintiff in a separate action sued the defendant Reed on the promissory notes and the open account indebtedness. She obtained judgment, garnisheed the purchasers of the business from Reed after the fire and collected an amount in excess of

$6,000 in the garnishment proceeding. Reed then filed Federal bankruptcy and obtained discharge from his debts. At no time prior to the commencement of this action had she made demand upon the defendant insurer or its agent for damages for fraud and negligence in failing to have provided her the insurance protection to which she now claims she was entitled. The burden of proof is upon the plaintiff and the trial court found, on this state of facts, that she had failed to sustain the burden. The trial judge heard the witnesses testify, observed them and dismissed the action. Appreciable weight must be given the findings of the trial court. In view of the record, we agree with the trial court's decision.

Judgment is affirmed.

SATHRE, C. J., and STRUTZ, MORRIS and BURKE, JJ., concur.