Thomas G. GRAVEN, Plaintiff and
Appellant,

v.

Jack W. BACKUS, Defendant and Respond-
ent, and Third-Party Plaintiff,

v.

Reuben THOME, Third-Party Defendant.

Civ. No. 8491.

Supreme Court of North Dakota.

Dec. 10, 1968.

Rausch & Chapman, Bismarck, for plaintiff and appellant.

Kenneth M. Moran, Jamestown, for defendant and respondent.

TEIGEN, Chief Justice.

We are involved here with an appeal by the plaintiff and a cross-appeal by the defendant. Both appeals are from the judgment. The case was tried to the court without a jury and the plaintiff, as appellant, has demanded a trial de novo. The defendant, as cross-appellant, has limited his appeal to specifications of error which were served with the notice of appeal.

The subject of the action involves an encroachment of the defendant's building upon the plaintiff's land.

The plaintiff, by his complaint, seeks to quiet title to the property encroached upon against the defendant and prays for a mandatory injunction requiring the defendant to remove the encroachment. As a second claim, the plaintiff seeks damages for breach of an agreement to move the plaintiff's garage back to the south property line of plaintiff's lot after defendant's encroaching wall was constructed, and for trespass upon the plaintiff's land which was not encroached upon by placement upon and failure to remove therefrom sand and gravel used in the construction.

The second claim of the plaintiff's complaint was dismissed by the trial court during the trial and after both parties had rested for failure of proof. No argument is made that this was error and no consideration will be given to the plaintiff's second claim in this opinion.

The defendant served an answer to the complaint upon the plaintiff. The answer is in the form of a general denial. How-

ever, in his prayer for relief the defendant prays for a dismissal of the plaintiff's complaint or, in the alternative, if the action is not dismissed, that the court order a sale to the defendant of that portion of plaintiff's land encroached upon by the defendant's building. No facts were pleaded in support of the alternative affirmative demand contained in defendant's answer, which is in the nature of a demand under a compulsory counterclaim.

At the trial the defendant admitted the encroachment. He then introduced evidence in support of his alternative affirmative prayer for relief. The evidence introduced was for the purpose of establishing that the court should not issue a mandatory injunction to compel the defendant to remove the encroachment because it is a proper case in which to apply the balancing-of-equities rule as the expense and difficulty of a removal of the encroachment would be great; that the encroachment is causing small damage to the plaintiff; and its removal will result in little benefit to him. In other words, the defendant introduced evidence to substantiate his prayer that the court, as an alternative to the issuance of a mandatory injunction, in equity should order a sale to the defendant of that portion of plaintiff's land encroached upon. As we stated earlier, the defendant pleaded no facts in support of a compulsory counterclaim for affirmative relief but no objection was made to the introduction of the evidence on the ground that this issue was not raised by the pleadings and, as a result, the issue was submitted and determined by the court adverse to the plaintiff. Although the defendant did not file a compulsory counterclaim he was permitted to introduce evidence to establish facts upon which to support a claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim and his prayer for affirmative relief contained in the answer. This was a proper subject of a compulsory counterclaim. As a result of the issues raised by the trial the theory of the case

was changed and the scope of the action enlarged. The claim made by the defendant raised by the evidence introduced with the consent of the plaintiff is auxiliary to the original action and dependent thereon, and the result is that the action became comprised of two interrelated and consolidated actions, each seeking affirmative relief. Thus an issue not properly raised by the pleadings was tried by the express or implied consent of the parties and must now be treated in all respects as if it had been raised in the pleadings. Rule 15(b), N.D.R.Civ.P. Steffen v. Boyle, N.D., 115 N.W.2d 8; Kucera v. Kucera, N.D., 117 N.W.2d 810; Helgeson v. Locken, N.D., 130 N.W.2d 573; Sobolik v. Vavrowsky, N.D., 146 N.W.2d 761.

We find the issues raised as a result of the trial are: (1) Shall a mandatory injunction issue requiring the defendant to remove the encroachment; or (2) Shall the court, as an alternative to the issuance of a mandatory injunction, require transfer of the property encroached upon to the defendant for a consideration?

The proceeding, raised as if by compulsory counterclaim, is in every respect analogous to the proceeding on the original complaint. The relative position of the parties being changed, it places upon the defendant, as the claimant, the burden of proof to establish his right to the affirmative relief which he seeks. 501 DeMers Inc. v. Fink (N.D.), 148 N.W.2d 820; Midland Oil & Royalty Co. v. Schuler (N.D.), 126 N.W.2d 149; 27 Am.Jur.2d Equity, Sec. 214, p. 771.

In the light of our analysis of the issues raised and the respective positions of the parties relative thereto, we will now consider the respective appeals.

The trial court applied the balancing-of-equities rule. By its judgment it requires the defendant to remove the encroachment or, in the alternative, that the defendant pay to the plaintiff the sum of $2,500.00, plus the costs of the action, in return for which the plaintiff shall be required to convey to the defendant the land upon which the defendant's building encroaches and to give him a release of past and prospective damages because of the encroachment.

The plaintiff, in his appeal, argues that the court erred in not granting an unconditional mandatory injunction. The defendant, on his cross-appeal, specifies as error and argues that the evidence does not sustain a finding of damages in the amount of $2,500.00. Thus the issues for our consideration are narrowed to the issues raised.

We will first consider the plaintiff's appeal.

The encroachment is admitted and the facts relative thereto are without dispute. The plaintiff is the owner of Lot 8, which is a 50-by 140 foot lot facing upon First Avenue in the city of Jamestown. Upon this lot is located the plaintiff's home and his private garage. Lot 7 lies immediately south of Lot 8 and is a corner lot. The defendant owns the west one-half of Lot 7. The east portion of Lot 7 is occupied by the Westland Oil Service Station. The defendant, being desirous of enlarging a building located upon the west portion of Lot 7 and facing the street side of said lot, caused a survey to be made of the north lot line. This survey was made by the city engineer of the city of Jamestown. It was the intent of the defendant, in reconstructing the building, to construct a wall immediately adjacent to the north line of Lot 7. The wall was constructed. It commenced about 7 inches east from the west line of Lot 7, and was built in an easterly direction a distance of 49.35 feet, and adjacent to the north line of Lot 7, as found by the city engineer. When the defendant's building had been completed, the plaintiff caused a survey to be made by a private engineering firm. This firm found that the north wall of the defendant's building was encroaching upon the plaintiff's lot 1.2 inches, and two window sills located in the wall and the roof overhang encroached 3 inches over the plaintiff's lot.

We will consider whether the plaintiff is entitled to an unconditional mandatory injunction compelling the defendant to remove the encroachment.

■ The general rule is that a mandatory injunction is a proper remedy to invoke against an adjoining landowner to compel him to remove an encroachment. Owenson v. Bradley, 50 N.D. 741, 197 N.W. 885, 31 A.L.R. 1296; 28 Am.Jur.2d Injunctions, Sec. 156, p. 653; and the cases collected in 28 A.L.R.2d 679 and 3 A.L.R.2d Later Case Service 679.

■ In Owenson v. Bradley, supra, this court, in considering whether the owner of property encroached upon may invoke the jurisdiction of a court of equity as a matter of right to compel the removal of the encroachment where there is a clear, legal property right, held that equity will not interfere by granting a mandatory injunction in such a case, even to vindicate a clear, legal right where the defendant is innocent, where greater injustice will be done by compelling the removal than by awarding damages for what is, in reality, a compensable injury. This court, in Owenson, took the position that, in determining whether a mandatory injunction should issue to compel an adjoining landowner to remove an encroachment, it was proper to consider the balance of convenience or relative hardship which would result from granting or denying the injunction. Many courts have so held. 1 Am.Jur. Adjoining Landowners, Sec. 133, p. 781, 28 A.L.R.2d 679; and 3 A.L.R.2d Later Case Service 679. After finding the facts, this court in Owenson held:

"3. Where one, through innocent mistake, so constructs a permanent wall of a building that it encroaches upon the adjoining property to a slight extent and where the cost of removing it is great compared to the injury suffered by the owner of the adjoining premises, such premises being vacant, a mandatory injunction will be denied and the injured party remitted to his action at law, with an option, however, to accept an award of damages adequate to cover the value of that portion of the lot upon which the encroachment stands."

The plaintiff argues that *Owenson* is not applicable to the instant case. He argues that *Owenson* is authority for situations where the encroachment is in a regressive environment and that to apply it to this case would be a dangerous extension of the rule and would open the door to "willful property piracy." He rests his contention upon the difference in the facts and points out that in *Owenson* the property was located in a small town where there was little, if any, growth in population and business activity; that the encroachment was upon a lot that had long been vacant and which, in all probability, would continue vacant for a long time as its value did not exceed $250.00. In the instant case he argues that the property is located in one of the larger cities of North Dakota where there has been considerable growth in population and business activity, that the encroachment is upon a lot located in a commercial area near downtown Jamestown along the main route to and from a new interstate highway and such property will, in all probability, have its greatest value as commercial property, although it is now used as a private residence. Thus he argues that whereas the rule as applied in *Owenson* was applied to a regressive environment it should not be applied in this case because we are involved here with a progressive environment. He has cited no authority to support his argument and we find none. We believe the facts must be weighed in each case and a determination made in accordance with equitable principles. We stated earlier that ordinarily a mandatory injunction will issue to compel removal of encroaching structures, but we do not feel it should be issued as a matter of course. The plaintiff seeks an equitable remedy and invokes the equity jurisdiction of the court, and therefore the court must consider the equities of the case.

The encroachment in length covers approximately the rear one-third of the plaintiff's lot. The front 90.07 feet of the plaintiff's lot is free from the encroachment. The width of the lot is 50 feet. The encroachment is 3 inches wide, leaving a balance of 49 feet, 9 inches of the width in the encroached area free from the encroachment. The lot, being 50-by 140 feet, contains 7,000 square feet. The encroachment, covering a strip 3 inches in width and 49.35 feet in length, occupies an area of about 12 square feet, or an area equaling about 0.17 per cent of the lot area. According to the evidence, the plaintiff's lot has a maximum value of $5,000.00. On the basis of this valuation the encroached portion has a value of between $8.50 and $9.00.

The evidence establishes that the cost of removing the encroachment and rebuilding the wall of defendant's building is $5,300.00, or more. The defendant's wall is constructed of cement blocks and is of a permanent character. The evidence discloses that it cannot be moved but would have to be torn down and rebuilt if its location is to be changed. In the instant case the severity of the remedy is plain if the mandatory injunction should issue.

It is not disputed that the placement of the wall in its present location occurred as a result of an innocent mistake. The defendant could hardly be expected to take a greater precaution than to have the boundary line determined by the city engineer who was also qualified as a surveyor. The plaintiff does not claim that the encroachment was willful or the result of the negligence of the defendant. It is established, however, that the plaintiff objected to the construction of the building so close to his lot line. He attempted to stop the construction for this reason. However, it was not until the wall had been constructed and the building completed that he caused a new survey to be made by another surveyor. The boundary line as determined by the second survey has not been challenged by the defendant but he has accepted it as the true line. There is no evidence to substantiate the argument that to deny the issuance of a mandatory injunction will result in a precedent allowing "willful property piracy." The encroachment clearly was not willful nor did it occur as a result of negligence of the defendant. The area is zoned commercial and there is no ordinance prohibiting building the structure adjacent to the property line.

The plaintiff has not established that the encroachment causes him any injury nor has he established that it will cause him injury in the future. However, he did speculate that the encroachment may hamper a sale of the lot for commercial purposes, if he should decide to sell it in the future. He also testified that if he should decide to place a commercial building on the lot he would build it of different materials. However, he testified he had no intention at the present time to sell the lot or to build such a building on it himself.

We find that the encroachment was due to an innocent mistake as to the true location of the boundary line and was not discovered until after the building was erected; that the encroachment was not made negligently or in willful disregard of the property rights of the plaintiff; that the cost of removal of the encroachment is disproportionate to any damage caused to the plaintiff's property; and that the plaintiff's property is not irreparably injured. For these reasons we conclude that the trial court did not err in its refusal to grant an unconditional mandatory injunction.

We will now consider the defendant's cross-appeal. In his cross-appeal the defendant has specified as error insufficiency of the evidence to sustain a finding of damages in the amount of $2,500.00 as an alternative to the issuance of a mandatory injunction.

Inasmuch as the compulsory counterclaim with respect to the subject matter is restricted to that which arises out

of the transaction, or occurrence that is the subject matter of the plaintiff's action [Rule 13(a), N.D.R.Civ.P.] and is comparable to a cross-bill in equity pleading, it is primarily a defensive pleading and may not introduce a controversy which is outside the scope of the plaintiff's complaint. 27 Am.Jur.2d Equity, Sec. 212, p. 768. However, it is a well-established principle of equity that if the original complaint shows sufficient matter of equitable cognizance to cause the jurisdiction of the court to attach, the court may in the same cause proceed to consider and determine all legal matters that are properly incidental to the complete determination of the subject matter of the case and do complete justice between the parties. A court of equity will not, as a rule, enter a partial or an incomplete decree. Schmidt v. Johnstone, 31 N.D. 53, 153 N.W. 293; 245 U.S. 678, 38 S.Ct. 64, 62 L.Ed. 543; Coykendall v. Kellogg, 50 N.D. 857, 198 N.W. 472; Arhart v. Thompson, 75 N.D. 569, 31 N.W.2d 56; Bonde v. Stern, 73 N.D. 273, 14 N.W.2d 249; United Accounts, Incorporated v. Larson, N.D., 121 N.W.2d 628; Sittner v. Mistelski, N.D., 140 N.W.2d 360; 27 Am. Jur.2d Equity, Sec. 108, p. 629.

 Since the encroachment is a trespass upon the plaintiff's land, the plaintiff would be entitled to recover damages for trespass against the defendant. Such damages would be recoverable in an action at law. The plaintiff, however, does not seek damages for trespass nor does he seek damages for a diminution of the value of his lot because of the encroachment. The fact, however, that the plaintiff may have a remedy at law by an action for damages does not prohibit an equity court from assuming jurisdiction if the equitable remedy is better adapted to render more perfect and complete justice than the remedy at law. O'Connor v. Immele, 77 N.D. 346, 43 N.W.2d 649; State ex rel. Burgum v. Hooker, N.D., 87 N.W.2d 337. Hardly a more justifiable cause for the awarding of damages can exist than where the plaintiff is entitled to an absolute and unconditional

mandatory injunction but it is not issued because the injunction would work a greater damage to the defendant than the injury for which the plaintiff seeks relief. Thus where the injunction is refused the plaintiff should be awarded such compensation and damages as will make him whole. The court of equity may award damages as an alternative to an injunction or in lieu thereof. Owenson v. Bradley, 50 N.D. 741, 197 N.W. 885, 31 A.L.R. 1296; 28 Am.Jur. Injunctions, Sec. 292, p. 805.

The trial court, in the instant action, as an alternative to the issuance of a mandatory injunction, awarded damages to the plaintiff for which it required that he convey to the defendant the strip of land encroached upon and release the defendant from damages for trespass by encroachment, both past and prospective. The defendant does not specify this as error. He agrees compensation should be made for the land encroached upon and he is apparently willing to accept the benefits of a release of past and prospective damages because of the encroachment. He objects only to the amount awarded for the benefits he receives. He has limited the issue, on his cross-appeal, by specifying as error the insufficiency of the evidence to sustain the amount of the award. The defendant introduced no evidence upon which the court could make a finding on this question. The plaintiff also introduced no evidence but this is excusable as he does not seek damages. He seeks only a mandatory injunction to remove the encroachment.

 A review of the record discloses the only evidence introduced on the question of the value of plaintiff's lot was produced by an expert on land values in the city of Jamestown, called by the defendant. He testified that the plaintiff's lot had a value of from $3,500.00 to $5,000.00 as commercial property, and that the lot has its greatest value for such purpose. The evidence does not disclose whether this is the value before or after the encroachment. There is no evidence of an amount

by which the plaintiff's lot is diminished in value as a result of the encroachment. However, there is evidence from which it may be concluded that the plaintiff is injured by the encroachment. The plaintiff testified that the encroachment prevents the construction of a building the full width of the lot in the area of the encroachment and that although he did not, at the present time, have plans for the sale of the lot or the construction of a building thereon, he testified that if at a future date he should decide to sell the lot the encroachment might adversely affect a sale. Although the plaintiff does not seek damages the evidence is ample to sustain the decision that, as an alternative to the issuance of an unconditional mandatory injunction, the plaintiff is entitled to an award for damages in addition to compensation for the land encroached upon; and that as an alternative to the issuance of a mandatory injunction it was proper to impose as a condition the requirement that the defendant pay damages.

An examination of the judgment roll also discloses that the defendant impleaded his contractor, Reuben Thome, who constructed the defendant's building, as a third-party defendant. In the third-party complaint the defendant, as third-party plaintiff, prays for judgment against the third-party defendant, Thome, for all sums that may be adjudged against the defendant in favor of the plaintiff, including all sums for money damages and sale of the plaintiff's property encroached upon, or, in the alternative, for all costs necessarily incurred by the defendant in removing the encroachment if a mandatory injunction is issued. The third-party defendant, Thome, defaulted and judgment was entered against him in favor of the defendant as third-party plaintiff for the full amount awarded the plaintiff against the defendant, including the costs of removing the encroachment if the alternative provision of the judgment is not invoked. The third-party defendant, Thome, was not served with the notice of appeal nor the notice of cross-appeal, nor has he as

third-party defendant appealed. Thus the third-party defendant is not a party to this appeal. The matter of the judgment of the defendant as third-party plaintiff against the third-party defendant is not before us.

The defendant, notwithstanding his failure to defeat the plaintiff's claim, was given an opportunity, as an alternative, to secure title to the property encroached upon, and a release of the damages for trespass upon the payment of $2,500.00, plus the costs of the action. Thus the judgment complained of in a sense, is in favor of the defendant. The removal of the wall from the plaintiff's property and rebuilding it upon the defendant's property will cost the defendant $5,300.00 or more.

In a California case involving encroachment wherein the plaintiffs sought a mandatory injunction which the court found they were entitled to, the court rendered an alternative judgment which ordered the defendants to remove the encroachment or pay $1,000.00 in damages. The defendants, on appeal, objected to the allowance of the $1,000.00 amount but the California court, overruling the objection, stated that the defendants were objecting to a part of the judgment which, under the circumstances, was favorable to them. It held that where the court, as an alternative to the issuance of a mandatory injunction, allows the payment of damages the decision is in the defendants' favor and they cannot complain of it on appeal. See Morgan v. Veach, 59 Cal.App.2d 682, 139 P.2d 976. The court said:

"It is not necessary, however, to decide herein either of the questions as to the propriety of an alternative judgment for damages or as to the sufficiency of the evidence to support the award of damages. The judgment of injunction was supported by the findings and the evidence, and it was not necessary, as above shown, that any specific amount of damage be proved as a basis for the injunction. The alternative part of the judgment which permits the defendants to evade the injunction by paying $1,000

was not based upon a finding of damages in that amount, for there was no such finding. The absence of such a finding is a sufficient answer to defendants' contention that the award of damages shows a case where plaintiffs can be adequately compensated in damages and hence no injunction should be granted. The alternative, allowing payment of the $1,000, apparently was an act of grace toward the defendants, and was based upon nothing appearing in the findings. If it was an error, it was in favor of defendants. The evidence clearly shows, and defendants concede, that it would cost them much more than $1,000 to comply with the injunction. The alternative allowing the payment of damages being in defendants' favor, they cannot complain of it on this appeal. 2 Cal.Jur. 841; Irvine v. MacGregor, 1928, 203 Cal. 583, 586, 265 P. 218." Morgan v. Veach, supra, at 983.

▮▮▮▮ The California case is similar to the case at bar in many respects. In both cases encroachment was proven, hence the plaintiff was entitled to injunctive relief. In both cases evidence as to the cost of the removal of the encroachment was received. In both cases the trial court issued an alternative judgment wherein it ordered the injunction to issue or, in the alternative, allowed the defendants the privilege to pay an amount specified in the judgment. In both instances the amount ordered paid, as an alternative, was considerably less than the cost of removal of the encroachment. In both cases the defendants were allowed the relief prayed for, but on appeal the defendants in the California case contended the amount ordered to be paid was excessive. The defendant makes the same contention here. In the instant case the evidence establishes it would cost $5,300.00, or more, to remove the encroachment and if the defendant accepts the alternative provisions of the judgment he has immediately effected a saving of $2,800.00, plus having acquired a strip of land and a release from all past and prospective damages for this trespass. We do not feel that he should be heard to complain of a judgment of the court which has benefited him.

▮▮▮ A court of equity may award damages as an alternative to the issuance of an injunction. 28 Am.Jur. Injunctions, Sec. 292, p. 805. In Hart v. City of Seattle, 45 Wash. 300, 88 P. 205, the trial court found that injunction should issue but gave the defendant the alternative of paying damages, and the court quoted with approval the following language of another case:

"The testimony shows that the plaintiff was entitled to an absolute and unconditional judgment of injunction, and the condition by which the defendants might be relieved from such an injunction was a grace or privilege accorded the defendants of which they cannot complaint. [sic]"

See also Quality Excelsior Co. v. Reeves, 206 Ark. 713, 177 S.W.2d 728.

▮▮▮ It therefore appears that the defendant is complaining of a holding which, in effect, is in his favor and this court has often held that in order for one to be allowed to appeal to this court, he must be an aggrieved party. We do not feel the defendant is an aggrieved party. Application of Hvidsten Transport, Inc., N.D., 113 N.W.2d 73; King v. Stark County, 72 N.D. 717, 10 N.W.2d 877.

For the reasons stated herein we affirm the judgment of the trial court; provided, however, that the defendant shall have 60 days from the date of entry of judgment on remittitur in which to choose and comply with the alternative provision of the judgment. Otherwise a mandatory injunction shall be issued by the District Court.

STRUTZ, ERICKSTAD and PAULSON, JJ., concur.