Rebecca L. BERNHARDT and Neal Hoff, Plaintiffs and Appellees,

v.

Stella RUMMEL, Defendant,

and

The First National Bank & Trust Company of Dickinson, Defendant and Appellant.

Civ. No. 10184.

Supreme Court of North Dakota.

May 13, 1982.

George T. Dynes, of Freed, Dynes, Reichert & Buresh, Dickinson, for plaintiffs and appellees Bernhardt and Hoff.

Dwight C. H. Kautzmann, of Bair, Brown & Kautzmann, Mandan, for defendant Rummel.

Ward M. Kirby, of Mackoff, Kellogg, Kirby & Kloster, Dickinson, for defendant and appellant First Nat. Bank & Trust Co. of Dickinson.

VANDE WALLE, Justice.

The First National Bank and Trust Company of Dickinson ["Bank"] appealed from a final judgment pursuant to mandate which awarded costs to the Bank to be paid by Stella Rummel. By this appeal the Bank seeks its costs to be paid by Bernhardt and Hoff [hereinafter referred to as "plaintiffs"]. We affirm.

This appeal is a continuation of *Bernhardt v. Rummel*, 314 N.W.2d 50 (N.D.1981). In that case a district court's judgment was entered in favor of the plaintiffs and against Rummel and the Bank. On appeal, this court affirmed the judgment against Rummel and reversed as to the Bank. The mandate following our decision provided that costs on appeal were to be paid by Rummel to the Bank and the plaintiffs. The district court, in accordance with the mandate, thereafter entered the judgment from which this appeal is taken.

The Bank appeals on the basis that the judgment pursuant to mandate does not comply with Rule 39, N.D.R.App.P., because costs to the Bank are to be paid by Rummel and not by the plaintiffs. The Bank does not argue, however, that it is foreclosed from obtaining its costs from Rummel.

█ Because the Bank is entitled to receive its costs from Rummel, the Bank is not injuriously affected by the judgment pursuant to mandate. Therefore, the Bank has no standing to appeal the matter and its appeal must be dismissed.

The basis for our dismissal of the Bank's appeal is stated in *State v. Bakke*, 117 N.W.2d 689, 696 (N.D.1962), as follows:

"... We have said that only a party or person aggrieved by a judgment or order of the district court can appeal from it to the Supreme Court. *Pearce v. North Dakota Workmen's Compensation Bureau*, 68 N.D. 78, 276 N.W. 917; *King v. Stark County*, 72 N.D. 717, 10 N.W.2d 877; and *Application of Hvidsten Transport, Inc.* (N.D.), 113 N.W.2d 73.

"In order to be entitled to an appeal as an aggrieved person, a party must have some legal interest that may be enlarged or diminished by the decision appealed from. Such a party must be injuriously affected by the decision. *Huber v. Miller* (N.D.), 101 N.W.2d 136."

In the instant case the Bank is entitled to recover its costs. It does not seek to enlarge or diminish the judgment pursuant to mandate, but seeks only to change the source of payment of costs. The Bank therefore is not injuriously affected by the judgment pursuant to mandate and is not entitled to appeal from it.

█ The question regarding which party was to pay costs on appeal was not raised on appeal from the initial judgment. If this aspect of costs is significant we suggest the issue should be addressed in briefs and arguments on appeal from the judgment. In this manner, questions such as that raised by this appeal from the judgment pursuant to mandate may be resolved on appeal from the judgment, and any alleged errors on appeal may be addressed on a petition for rehearing.

█ Despite our position regarding the Bank's lack of standing, we nevertheless conclude that the costs ordered by this court's mandate are within the scope of Rule 39, N.D.R.App.P. That rule, although it outlines a scheme for the taxation of costs when not otherwise ordered by the court, permits the court to tax costs in the manner prescribed by the mandate in this instance.

The judgment pursuant to mandate is affirmed.

No costs to either party.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.