Herbert O. JENSEN, Plaintiff
and Appellant,

v.

Edwin F. ZUERN, Elaine Little, Wanda
Bier, Karen Halldorson, Marion Rott,
Timothy Schuetzle, Defendants,

and

American Correctional Association,
Co–Defendant and Appellee,

State Bonding Fund, Co–Defendant.

Civ. No. 940245.

Supreme Court of North Dakota.

Oct. 27, 1994.

Herbert O. Jensen, pro se. Submitted on brief.

Ronald H. McLean and Jane L. Dynes, Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, and C. Michael Deese, Fehrenbacher, Sale, Quinn & Deese, P.C., Washington, DC, for co-defendant and appellee American Correctional Ass'n. Submitted on brief.

NEUMANN, Justice.

Herbert O. Jensen appeals from a district court judgment dismissing his case with prejudice and awarding costs and attorney fees in the amount of $1,688.99 upon the mandate of the North Dakota Court of Appeals. We affirm.

■ This case was originally heard at the appellate level by the North Dakota Court of Appeals and is published at *Jensen v. Zuern,* 517 N.W.2d 118 (N.D.App.1994), [hereinafter *Jensen I* ]. The Court of Appeals affirmed in part, reversed in part, and awarded double costs as well as $250 in attorney fees. *Id.* at 130. Jensen then petitioned this court for review, which was denied. It is from the district court's entry of the North Dakota Court of Appeals' mandate for judgment of fees and costs that Jensen now appeals.

Because the North Dakota Court of Appeals awarded costs and attorney fees, Jensen was "injuriously affected by the judgment pursuant to [the] mandate." *Bernhardt v. Rummel,* 319 N.W.2d 159, 160 (N.D. 1982). As a result, he has standing to appeal the entry of judgment. *Cf. id.* (deciding

that when a party is not injuriously affected by the trial court's judgment pursuant to mandate, that party has no standing to appeal).

 Jensen essentially argues that the award of costs and attorney fees is improper because the American Correctional Association (ACA), one of the defendants in the initial action is illegally transacting business in North Dakota, and is therefore barred from receiving the costs awarded. This argument does little more than recycle a portion of Jensen's argument already faced by the North Dakota Court of Appeals. *See Jensen I*, 517 N.W.2d at 124 (refuting the argument that the ACA, as a foreign corporation not registered with the state, is barred from transacting business or defending suits within the state). The Court of Appeals concluded that Jensen's claims against the ACA were so entirely devoid of facts and law that no reasonable person could have "expected that a court would render a judgment in his favor." *Jensen I*, 517 N.W.2d at 129. We considered Jensen's arguments when we refused to grant his petition for review following the North Dakota Court of Appeals' decision. We find his present argument to be without merit.

The state, by statute, allows *any* corporation, profit or nonprofit, to defend any action in a state court. NDCC §§ 10–22–19 and 10–27–18 (1985). In North Dakota, costs and attorney fees must be awarded if it is found that a claim is frivolous. NDCC § 28–26–01(2) (1991). The awarding of attorney fees and costs to a defendant corporation must therefore occur should a court conclude that the underlying action is frivolous.

Jensen relies on NDCC section 10–27–18 in his claim that fees may not be awarded to the ACA. This section, however, merely controls whether nonprofit corporations may *maintain* actions in the North Dakota court system. Since the ACA is not maintaining an action, merely defending one, this statute cannot support Jensen's argument. The district court's overruling of Jensen's objections to the entry of judgment for costs awarded by the North Dakota Court of Appeals is proper and we affirm those actions.

 ACA requests double costs and attorney fees for this appeal pursuant to NDRAppP 38, due to its frivolous nature and because appellee was required to compile an appendix. "An appeal is frivolous when it is flagrantly groundless." *Nissen v. City of Fargo*, 338 N.W.2d 655, 658 (N.D.1983). This appeal is clearly frivolous, and an award of double costs and attorney fees is therefore justified. However, in order to avoid a subsequent identical appeal following this award, we invoke NDRAppP 2, suspend the provisions of NDRAppP 39(e), and, instead, direct that the Clerk of the Supreme Court enter judgment awarding the ACA double costs and attorney fees of $500 to be taxed against Jensen.

Affirmed with double costs and attorney fees.

VANDE WALLE, C.J., and MESCHKE, LEVINE and SANDSTROM, JJ., concur.